RISK, Appellee,

v.

WOESTE EASTSIDE MOTORS, INC., d.b.a. Honda East, Appellant.

[Cite as *Risk v. Woeste Eastside Motors, Inc.* (1997), 119 Ohio App.3d 761.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

No. CA96–10–088.

Decided May 27, 1997.

---

*Samir F. Risk, pro se.*

*Cors & Bassett* and *Jeffrey C. Wade,* for appellant.

POWELL, Judge.

Defendant-appellant, Woeste Eastside Motors, Inc., appeals from a judgment finding that it negligently performed services on the automobile of plaintiff-appellee, Samir F. Risk.

On July 15, 1995, appellee's daughter took appellee's automobile to appellant for scheduled service. Since appellee's daughter arrived before regular service hours, she left the keys in an "early bird" envelope provided by appellant. On the envelope, appellee's daughter requested that appellant perform a ninety-thousand-mile service and check the air conditioning on the automobile. Appellant completed these services, and appellee's daughter picked up the automobile on July 15.

On September 20, 1995, the timing belt on appellee's automobile failed. As a result, the engine of the vehicle had to be overhauled. Appellee paid $1,549 to

have the engine repaired. In addition, while appellee's automobile was being repaired, he paid $306 to rent a replacement vehicle.

On November 2, 1995, appellee filed a complaint against appellant alleging that appellant negligently performed the ninety-thousand-mile service. On January 29, 1996, appellee filed an amended complaint asserting three additional claims for relief. On April 10, 1996, appellant filed a motion for summary judgment. On May 22, 1996, the trial court granted appellant's motion for summary judgment on all counts except appellee's claim that appellant negligently performed the ninety-thousand-mile service.

A jury trial on appellee's negligence claim was commenced on August 12, 1996. At the conclusion of appellee's case, appellant moved for a directed verdict pursuant to Civ.R. 50(A)(4). The trial judge denied appellant's motion. Appellant then presented evidence. At the close of all the evidence, appellant renewed its motion for a directed verdict. The trial judge denied the motion and submitted the case to the jury. The jury subsequently returned a verdict in favor of appellee in the amount of $1,885 plus court costs.

On appeal, appellant assigns the following two assignments of error:

"Assignment of Error No. 1:

"The trial court erred to the prejudice of the appellant in denying appellant's motion for summary judgment as to appellee's negligence claim and denying appellant's motion for directed verdict and entering judgment in favor of the appellee when the appellee has presented insufficient evidence to establish negligence."

"Assignment of Error No. 2:

"The trial court erred to the prejudice of the appellant in finding that the appellant had a duty to the appellee to inform him of other services recommended on the vehicle due to its current mileage."

In both of appellant's assignments of error, it is asserted that appellee failed to provide any evidence showing that appellant breached a duty owed to appellee. Since the assignments are interrelated, they will be considered together.

Pursuant to Civ.R. 50(A)(4), a trial court must grant a motion for a directed verdict where reasonable minds, construing the evidence most strongly in favor of the nonmoving party, could come to only one conclusion and that conclusion is adverse to such party. *The Limited Stores, Inc. v. Pan Am. World Airways, Inc.* (1992), 65 Ohio St.3d 66, 73, 600 N.E.2d 1027, 1033–1034; *Crawford v. Halkovics* (1982), 1 Ohio St.3d 184, 185–186, 1 OBR 213, 213–215, 438 N.E.2d 890, 891–893. A directed verdict is appropriate if the party opposing it has failed to produce sufficient evidence of an essential element of his claim. *Cooper v. Grace Baptist*

*Church of Columbus, Ohio, Inc.* (1992), 81 Ohio App.3d 728, 734, 612 N.E.2d 357, 360–361.

In order to establish a claim for negligence, a plaintiff must show that a defendant breached a duty owed to the plaintiff, and that the breached duty proximately resulted in injury to the plaintiff. *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265, 269–270. The existence of a duty in a negligence case is question of law for the court to decide. *Id.* The Ohio Supreme Court has held that an automobile repairman is liable for damages proximately resulting from the negligent or unskillful manner in which he makes repairs or performs services. *State Farm Fire & Cas. Co. v. Chrysler Corp.* (1988), 37 Ohio St.3d 1, 523 N.E.2d 489; *Landon v. Lee Motors* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E.2d 147. However, a repairman is not liable for failing to discover a latent defect, unless it is shown that he undertook to discover such defect and negligently failed to do so. *Id.*

Appellee alleged that appellant negligently performed the ninety-thousand-mile service because the timing belt was not replaced. However, appellee did not present any evidence showing that appellant had a duty to replace the timing belt. Appellee's daughter requested only that appellant perform a ninety-thousand-mile service and check the air conditioning. The undisputed evidence in the record reveals that the replacement of a timing belt was not part of the ninety-thousand-mile service. Rather, replacement of the timing belt was a separate service that involved additional fees which had to be authorized by a customer. Therefore, the record contains no evidence that appellant had the duty to replace the timing belt as part of the service requested and performed on appellee's automobile.

In addition, appellee failed to show that appellant had a duty to check the condition of the timing belt. Appellee presented no evidence that this was within the scope of the services requested. Moreover, appellant's employees testified that since the timing belt was an internal belt, the front of the engine had to be removed in order to check the condition of the timing belt. Due to the time and effort required, appellant's employees stated that the timing belt was not checked as part of a ninety-thousand-mile service. Thus, we conclude that the record does not contain any evidence showing that appellant had a duty to inspect the timing belt as part of the services rendered to appellee. See *Coletts v. Nicolosi* (Dec. 20, 1978), Hamilton App. Nos. C–77433 and C–77594, unreported.

Appellee also argued that appellant was negligent for failing to inform him that it was recommended that the timing belt on his automobile be replaced. In support of this argument, appellee introduced a technician's copy of the work order for appellee's automobile. At the bottom of the work order, the services to

be performed are listed. Under this heading, the ninety-thousand-mile service and the request to check the air conditioning are listed. At the top of the form, the current mileage of appellee's automobile is listed as 85,814. A number of services are listed next to the mileage and several of them are checked as being recommended by the manufacturer due to the mileage of the vehicle. Replacement of the timing belt is one of the recommended services.[1]

The trial court denied appellant's motion for a directed verdict based upon the work order. However, appellee did not produce any evidence that showed appellant had a legal duty to disclose the recommendations listed on the work order. Appellant's failure to warn appellee of the recommended services obviously resulted in a dissatisfied customer. However, the record contains no evidence that the standard of care in the automobile industry requires an automobile repairman to advise a customer of all the additional repairs that are recommended on an automobile due to its mileage. Further, imposing such a legal duty upon a repairman would be burdensome and unreasonable. See *Neyrinck v. Hilton Truck & Equip. Co.* (Oct. 23, 1987), Lucas App. No. L–86–400, unreported, 1987 WL 18808.

In sum, we find that the record does not contain any evidence that appellant breached a duty owed to appellee. Therefore, appellee failed to produce sufficient evidence of an essential element of his claim, and the trial court erred in refusing to grant a directed verdict for appellant. See *State Farm Fire & Cas. Co.,* 37 Ohio St.3d at 10, 523 N.E.2d at 497.

*Judgment reversed.*

KOEHLER, J., concurs.

WILLIAM W. YOUNG, P.J., dissents.

WILLIAM W. YOUNG, Presiding Judge, dissenting.

Because I believe it was a jury question as to what was understood to be included in the requested ninety-thousand-mile service, and whether that service was negligently performed, I would affirm and, thus, respectfully dissent.

---

1. Appellee was not provided a copy of this work order until discovery in the underlying action.