[Cite as *Jones v. Action Now Pest Control*, 2010-Ohio-1543.]

STATE OF OHIO, HARRISON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ROBERT E. JONES, et al., | ) | |
| | ) | CASE NO. 08 HA 6 |
| PLAINTIFFS-APPELLANTS, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| ACTION NOW PEST CONTROL, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:       Civil Appeal from Common Pleas
Court, Case No. 02-352-CR.

JUDGMENT:       Affirmed.

APPEARANCES:
For Plaintiffs-Appellants:       Attorney Aaron Berg
Caravone & Czack, PPL
50 Public Square, The Terminal Tower
Suite 1900
Cleveland, OH  44113

Attorney Michael Shaheen
227 E. Main Street
St. Clairsville, OH  43950

For Defendants-Appellees:       Attorney Patrick McCaffrey
Attorney Audrey E. Varwig
Golian & McCaffrey, LLC
2109 Stella Court
Columbus, OH  43215

JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Dated:  March 29, 2010

DeGenaro, J.

{¶1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Plaintiff-Appellant Jones appeals the October 17, 2008 decision of the Harrison County Court of Common Pleas that granted summary judgment in favor of Defendant-Appellee, Action Now Pest Control. Jones asserts that his negligence claim should not have been dismissed via summary judgment, because he presented a genuine question of material fact as to whether Action Now had negligently performed its contractual duty to "seal building for bats."

{¶2} Upon review, the trial court correctly concluded that the duties of Action Now claimed by Jones were not included in the contract between Action Now and the Conotton Valley School District. Action Now did not owe Jones a duty to complete a more thorough inspection of the interior of the school building in excess of its contractual duties. Because there is no factual dispute that Action Now satisfactorily completed its obligations according to the plain meaning of the contract terms, and because Action Now did not owe Jones any legal duty to affirmatively act, the trial court's summary judgment dismissal of Jones's negligence claim is affirmed.

Facts and Procedural History

{¶3} Jones began his position as the principal of the Bowerston Elementary School in 2000. The custodian at the school, Elizabeth F. West, pointed out the presence of bats to Jones shortly after he began working at the school. According to West's deposition testimony, there was already a bat infestation on the school building when West began working at Bowerston around 1988. Jones noticed bat droppings on the back end of the school building's exterior, and did not notice any droppings inside the building. Jones reported the problem to the Conotton Superintendent, Thomas A. Wolfe, in 2000. Between 2000 and 2002, as the accumulation of bat droppings outside the building worsened, Jones repeatedly reported the issue to Wolfe. Wolfe advised Jones to find a pest control company to expel the bats, and Action Now was contacted to come to the school to provide an estimate.

{¶4} In September 2002, Action Now sent a representative to Bowerston. Jones indicated to the representative where he thought the bats were exiting at the rear of the

building, asked Action Now to make sure that was the only place they were accessing the building, and asked them to clean off the guano that had accumulated on the window ledges. Jones did not ask Action Now to look inside the school building or ventilation system for bats or droppings. After meeting with Jones, Action Now sent a service agreement to Wolfe at Conotton, stating that Action Now would seal the building for bats and clean the guano off of the rear of the building for $900.00. Wolfe believed that the instructions to seal the building for bats and clean the rear exterior were an accurate description of the work that Conotton wanted Action Now to do. Conotton agreed to the service agreement, and Action Now completed the bat exclusion service at Bowerston over one weekend.

{¶5} Daniel L. Tope, the then maintenance supervisor for Conotton, was present at Bowerston while Action Now performed their services. Tope provided access to the school building if it was needed for Action Now to get to the roof of the building, though Action Now was able to access the bat roosting areas without entering the building. Tope did not recall any reports of bat problems after Action Now completed their job. Wolfe did not receive any reports of bat problems after Action Now completed the work, and did not see further presence of bats at Bowerston. West did not remember any further presence of bats at the school afterwards. However, Jones noticed approximately four bats inside the building during the week following Action Now's services, and stated that he reported the issue to Wolfe and Tope. Jones did not notice any further presence of bats following that time. Jones ceased working at Bowerston in June of 2003, and in March of 2004, Jones was diagnosed with Histoplasmosis.

{¶6} Jones's 2005 complaint alleged that Conotton Valley Union Local Schools ("Conotton") had hired Action Now "for purposes of maintenance and/or inspection and/or pest control of Bowerston Elementary School * * * which included sealing the building for bats, washing and/or otherwise removing bat droppings from the ventilation air ducts and other areas throughout the building," and that Action Now negligently and/or recklessly performed such services, causing Jones to contract Histoplasmosis.

{¶7} Action Now filed a Motion for Summary Judgment, supported by depositions, claiming that Jones had failed to allege that Action Now negligently

performed its contractual duties, and that Action Now did not have the duty to inspect or clean Bowerston's ventilation system. Action Now further stated that the foreseeable risks of their undertaking included the return of a bat infestation, which did not occur. In his Brief in Opposition, which also included deposition testimony, Jones argued that a reasonably prudent person in Action Now's position would have foreseen that people in the school were at risk of contracting Histoplasmosis, and that after taking on the responsibility of providing pest control services for the school, Action Now was obligated to conduct a more thorough inspection and warn Bowerston personnel of the risks of exposure to bat guano.

{¶8} After further reply and sur-reply from each party, the trial court filed a judgment entry on October 17, 2008, granting Action Now's motion for summary judgment and dismissing Jones's claim. The trial court held that, in a light most favorable to Jones, Action Now's duty existed pursuant to its contractual terms, it did not breach its duty of care in completing the contract, and it did not have the duty to complete more comprehensive or beneficial services to the school outside those services specifically requested in the contract.

Negligence – Scope of Duty

{¶9} In his sole assignment of error, Jones asserts:

{¶10} "The trial court erred in granting summary judgment in favor of defendant-appellee and dismissing the negligence claim of plaintiffs-appellants."

{¶11} In deciding Jones's negligence claim against Action Now, the trial court concluded that Jones failed to establish that Action Now owed Jones a duty of care outside the contractual agreement between Action Now and Conotton Schools, and that no evidence was presented that Action Now breached its limited duties under the contract. Jones argues that the duties claimed in his complaint were within the contractual duties of Action Now, and that a question of material fact remained as to whether Action Now negligently performed those duties.

{¶12} An appellate court reviews a trial court's summary judgment decision de novo, applying the same standard used by the trial court. *Ohio Govt. Risk Mgt. Plan v.*

*Harrison*, 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, at ¶5. A motion for summary judgment is properly granted if the court, upon viewing the evidence in a light most favorable to the party against whom the motion is made, determines that: (1) there are no genuine issues as to any material facts; (2) the movant is entitled to a judgment as a matter of law; and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. Civ.R. 56(C); *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, at ¶10. Only the substantive law applicable to a case will identify what constitutes a material issue, and only the disagreements "over facts that might affect the outcome of the suit under the governing law" will prevent summary judgment. *Byrd* at ¶12, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202.

{¶13} When moving for summary judgment, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 1996-Ohio-107, 662 N.E.2d 264. The nonmoving party has the reciprocal burden of specificity and cannot rest on the mere allegations or denials in the pleadings. Id. at 293.

{¶14} In order to establish an actionable claim of negligence, a plaintiff must establish "(1) the existence of a legal duty, (2) the defendant's breach of that duty, and (3) injury that is the proximate cause of the defendant's breach." *Wallace v. Ohio Dept. of Commerce*, 96 Ohio St.3d 266, 2002-Ohio-4210, 773 N.E.2d 1018, at ¶22. The duty element of negligence is a question of law for the court to determine. Id. "In Ohio it is well-established that liability in negligence will not lie in the absence of a special duty owed by the defendant." *Gelbman v. Second Natl. Bank of Warren* (1984), 9 Ohio St.3d 77, 78, 9 OBR 280, 458 N.E.2d 1262.

{¶15} The existence of duty depends on the relationship between the parties. Generally, a contracting party owes no duty to a third party who is not privy to a contract. See *Vistein v. Kenney* (1990), 71 Ohio App.3d 92, 106, 593 N.E.2d 52. However, in the absence of contractual privity, a party to a contract may be liable to a third party if he

performs his contractual duties in a negligent manner which would foreseeably cause the third party's injuries. *Durham v. The Warner Elevator Mfg. Co.* (1956), 166 Ohio St. 31, 1 O.O.2d 181, 139 N.E.2d 10. In other words, by agreeing to perform certain services pursuant to a contract, the service provider has assumed the affirmative duty to exercise ordinary care to avoid injury to others as a result of its execution of its contractual duties.

{¶16} Outside the general legal duty of all people not to injure others through willful or wanton misconduct, the scope of the service provider's duty to the third party is limited, as a matter of law, by the agreement between the contracting parties. See *Heneghan v. Sears, Roebuck & Co.* (1990), 67 Ohio App.3d 490, 494, 587 N.E.2d 854, citing *Durham*, supra. See, also, *Church v. Fleishour Homes, Inc.*, 172 Ohio App.3d 205, 2007-Ohio-1806, 874 N.E.2d 795, at ¶69 ("The scope of the contractor's duties to third parties is limited to the duties assumed under the contract."). A service provider does not have a duty to third parties to act outside the scope of their contract, even if such action could have prevented injury. See, e.g., *Sabolik v. HGG Chestnut Lake Ltd. Partnership*, 180 Ohio App.3d 576, 2009-Ohio-130, 906 N.E.2d 488, at ¶29 (setting the maximum temperature of water heater was outside the scope of the energy-savings-system installer's work, even with the knowledge of the dangers of scalding). Moreover, "the mere omission to perform a contract obligation is never a tort unless the omission is also the omission to perform a legal duty." *Nationwide Mut. Fire Ins. Co. v. Sonitrol, Inc. of Cleveland* (1996), 109 Ohio App.3d 474, 485, 672 N.E.2d 687, quoting *Bowman v. Goldsmith Bros. Co.* (1952), 63 Ohio Law Abs. 428, 431, 109 N.E.2d 556.

{¶17} Jones is alleging that Action Now negligently performed its contractual duties and that Jones's contraction of Histoplasmosis was a foreseeable result. Action Now argues that it completed all of its contractual duties with the reasonable care owed Jones, and that Jones is claiming negligence for failure to either perform activities outside the scope of the contract, or for negligent failure to enter into a more comprehensive contract with Conotton. In order to identify Action Now's duties under its contract, its terms should be reviewed.

{¶18} The purpose of a reviewing court's examination of a contract is to determine the intent of the parties. *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, at ¶11. The assumption is that the intent of the parties is reflected in the language used in the contract. Id. If the terms of the contract are clear and unambiguous, then the contract can be interpreted as a matter of law. Id. Contract terms should be given their ordinary meaning, unless it would render an absurd result or if another meaning is clearly apparent from the contents of the agreement. Id.

{¶19} The contract between Action Now and Conotton stated that it was a "pest control service agreement," and that the pests to be controlled were bats. The contract included the following: "Special instruction: Seal building for bats & wash droppings off back of building." The contract also states that it is a "one time treatment" with a one-year guarantee.

{¶20} Jones asserts that these terms include the obligations to address all bat entrance areas on the building, inspect to determine if guano removal and parasite treatment should be performed, inspect the entire exterior and interior of the building, and not limit the scope of the exclusionary work to one night. Jones seems to concede that the work completed, although insufficient in view of the alleged larger contractual obligations, was done "in a satisfactory manner."

{¶21} The language used by the parties to the contract does not support Jones's claims. The plain language of the contract indicates that Action Now was to seal the building to exclude the bats; i.e., so that the bats would no longer access the building. The parties do not dispute that, shortly after Action Now completed their work, bats ceased to access the school building. There is nothing in the plain language of the contract indicating that Action Now should perform an interior inspection of the building to detect guano or parasites. Instead, the contract language limits Action Now's guano cleaning duties to the back side of the building's exterior. The plain language of the contract also indicates that Action Now promised to perform further bat-control work within one year in the event that Bowerston found the work to be unsatisfactory, which would indicate that individuals at Bowerston would contact Action Now to communicate any dissatisfaction.

{¶22} The evidence and deposition testimony demonstrate that Action Now ascertained the bats' point of access from information provided by Jones and Tope, that Action Now sealed the area indicated as the source of the bat infestation, and that no one communicated dissatisfaction or any need for follow-up services to Action Now. The record also indicates that Action Now cleaned up the guano on the rear of the building pursuant to the contract.

{¶23} Jones's argument implies that the issue in this case is not whether Action Now negligently performed the actions described in the contract, but whether the company was negligent in failing to do more. Jones does not necessarily claim that the language of Action Now's contract obligated Action Now to inspect the interior of the building or warn its occupants of the hazards of exposure to bat guano. Rather, because Action Now entered a pest control contract, and because they allegedly held themselves out to be experts, they had the duty, based on their expertise and knowledge of the hazards of bat guano, to affirmatively act on reasonable inferences from the presence of bats in the building.

{¶24} However, Action Now did not owe Jones the affirmative duty to enter into a more comprehensive contract with the Conotton School District, nor did they owe Jones the duty to perform or even recommend further services outside the scope of the contract, even if they would have reduced the possibility of Jones's injury. Imposing such a duty would imply that, due to the possession of specialized knowledge in an industry, a company would have the affirmative duty to take preventative action not requested, and exercise the highest degree of care. Such a legal duty does not exist in Ohio, and would be unduly burdensome on a service provider. See, e.g., *Risk v. Woeste Eastside Motors, Inc.* (1997), 119 Ohio App. 3d 761, 764-765, 696 N.E.2d 283 (stating that a car repair service is not obligated to detect problems in the absence of a request for inspection thereof, and is not obligated to inform a customer of further recommended repairs). See, also, *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E.2d 147, at paragraph seven of the syllabus (holding similarly); *Sant v. Hines Interests Ltd. Partnership*, 10th Dist. No. 05AP-586, 2005-Ohio-6640, at ¶29 (a service provider is

obligated to take a reasonable course of action, not the best possible course of action); *Sabolik*, supra. Thus, Action Now's alleged status as an expert on bat exclusion did not create a legal duty to perform an unrequested interior inspection for bat guano.

{¶25} As outlined in the foregoing discussion, Action Now sealed the Bowerston school building for bats, Action Now's exclusion efforts were successful as the bat infestation did not return to the building, and Action Now cleaned the bat guano off of the back of the school building as instructed in the contract. The services that Jones claims Action Now should have completed, namely an inspection of the interior and ventilation system for bat guano as well as some provision of warnings to school personnel, were outside the terms of the contract. Action Now did not breach any duty owed to Jones by failing to perform those additional services. Action Now did not owe a duty to Jones to affirmatively act outside the scope of its contractual duties with the school, or to avoid a contract with limited terms. The scope of Action Now's duty to Jones was limited to the exercise of reasonable care in performing the limited duties of its contract with the Conotton School District. Jones's negligence claim therefore fails as a matter of law.

Conclusion

{¶26} The plain meaning of the contract terms between Action Now and the Conotton School District did not impose the additional duties claimed by Jones in his complaint or on appeal. Because Jones has failed to demonstrate the legal duty element of his negligence claim, Jones's sole assignment of error is meritless. Accordingly, the judgment of the trial court is affirmed.

Vukovich, P.J., concurs.

Donofrio, J., concurs.