[Cite as *Academic Support Servs., L.L.C. v. Cleveland Metro. School Dist.*, 2013-Ohio-1458.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   99054

---

## ACADEMIC SUPPORT SERVICES, L.L.C.

PLAINTIFF-APPELLEE

vs.

## CLEVELAND METROPOLITAN SCHOOL DISTRICT, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-758502

**BEFORE:**   E.A. Gallagher, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   April 11, 2013

**ATTORNEYS FOR APPELLANTS**

Wayne J. Belock
Chief Legal Counsel

By:    David J. Sipusic
Cleveland Metropolitan School District
1380 East 6th Street, Room 203
Cleveland, OH    44114


**ATTORNEY FOR APPELLEE**

Joseph C. Lucas
Law Office of
Joseph C. Lucas, L.L.C.
7015 Corporate Way
Centerville, OH    45459

EILEEN A. GALLAGHER, J.:

{¶1} Appellants Cleveland Metropolitan School District, Cleveland Metropolitan School District Board of Education, No Child Left Behind Office and Cleveland Metropolitan School District Finance Office (hereinafter collectively referred to as ("CMSD") appeal from the decision of the trial court that denied its motion to refer the case to arbitration. CMSD argues the court erred in denying its motion when R.C. 2711.02 specifically requires a trial court to stay the trial of an action upon application of one of the parties that is based on a written agreement to arbitrate. Finding no merit to the instant appeal, we affirm the decision of the trial court.

{¶2} On June 27, 2011, Academic Support Services ("Academic") filed its complaint, arguing that the CMSD breached its agreements for the academic years 2008-2009 and 2009-2010 governing the provision of supplemental tutoring services to CMSD students. Count 1 of Academic's complaint alleged breach of contract, Count 2 alleged unjust enrichment, Count 3 claimed promissory estoppel and Count 4 alleged fraudulent misrepresentation. On September 1, 2011, CMSD answered the complaint, raising several affirmative defenses. The trial court conducted a case management conference and set pretrial, final pretrial and trial dates for this case.

{¶3} On December 13, 2011, CMSD filed a motion for summary judgment. In the motion, CMSD argued that Academic's complaint must fail because there existed no genuine issue of material fact as it related to all four claims. At the end of its motion

and, in the alternative, CMSD requested that the matter be referred to arbitration pursuant to Section 18(m) of the contract. In particular, section 18(m) of the agreement between CMSD and Academic regarding Academic's services provides:

> Any and all contractor claims shall first be submitted to the District [CMSD] for a determination as to the merits. The Claim must be submitted in writing within 20 calendar days of when the provider [Academic] knew or reasonably should have known of the operative facts from which the claim arises. If the District denies the claim in whole or part, then the claim shall be submitted to non-binding arbitration by the American Arbitration Association (AAA), pursuant to the rules of AAA, except that the entire cost of arbitration shall be at provider's expense and provider is obligated to follow this procedure prior to pursuing any judicial remedies in any court of law or equity whatsoever.

{¶4} After Academic failed to respond to CMSD's motion, the trial court ruled that the motion was "unopposed and granted." However, Academic filed a motion for relief from judgment, Civ.R. 60(B), the court conducted a hearing and then granted the motion and allowed Academic an opportunity to respond to CMSD's motion. Academic responded to the motion, addressing CMSD's claims that there lacked any genuine issue of material fact and their request for arbitration. Specifically, Academic argued that CMSD failed to properly raise the issue of arbitration and regardless, CMSD waived their right to arbitration by participating in the litigation. On July 20, 2012, the trial court denied CMSD's motion for summary judgment.

{¶5} On July 23, 2012 the trial court set a final pretrial for October 1, and a trial date for October 16, 2012. One month prior to trial, CMSD filed a motion to stay proceedings and refer the matter to arbitration. Academic opposed the motion and during its pendency, CMSD filed its trial brief, witness list and trial exhibit list. On

October 12, 2012, the trial court denied CMSD's motion to stay and to refer the case to arbitration.

**{¶6}** CMSD appeals, raising the following assignment of error:

The trial court erred in denying Defendants'/Appellants' Motion to Stay Proceedings and Refer Matter to Arbitration.

**{¶7}** The right to arbitration, like any other contractual right, may be waived. *Rock v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 79 Ohio App.3d 126, 606 N.E.2d 1054 (8th Dist.1992). However, in light of Ohio's strong policy in favor of arbitration, the waiver of the right to arbitrate is not to be lightly inferred. *U.S. Bank, N.A. v. Wilkens*, 8th Dist. No. 93088, 2010-Ohio-262. A party asserting waiver must prove the waiving party (1) knew of the existing right to arbitrate; and (2) acted inconsistently with that right. *Milling Away LLC v. UGP Properties LLC,* 8th Dist. No. 95751, 2011-Ohio-1103. "The essential question is whether, based upon the totality of the circumstances, the party seeking arbitration has acted inconsistently with the right to arbitrate." *Checksmart v. Morgan*, 8th Dist. No. 80856, 2003-Ohio-163, quoting *Wishnosky v. Star-Lite Bldg. & Dev. Co.*, 8th Dist. No. 77245, 2000 Ohio App. LEXIS 4081 (Sept. 7, 2000). *See also Pinnacle Condominiums Unit Owners' Assn. v. Lakeside LLC,* 8th Dist. No. 96554, 2011-Ohio-5505.

**{¶8}** Among the factors a court may consider in determining whether the totality of circumstances supports a finding of waiver are: (1) whether the party seeking arbitration invoked the jurisdiction of the trial court by filing a complaint, counterclaim or third-party complaint without asking for a stay of proceedings; (2) the delay, if any, by

the party seeking arbitration in requesting a stay of proceedings or an order compelling arbitration; (3) the extent to which the party seeking arbitration participated in the litigation, including the status of discovery, dispositive motions and the trial date; and (4) any prejudice to the nonmoving party due to the moving party's prior inconsistent actions. *Wilkens; Wishnosky*; *Pinnacle.*

{¶9} The question of waiver is usually a fact-driven issue and an appellate court will not reverse the trial court's decision absent a showing of abuse of discretion. *Featherstone v. Merril Lynch, Pierce, Fenner & Smith, Inc.,* 159 Ohio App.3d 27, 2004-Ohio-5953, 822 N.E.2d 841 (9th Dist.2004). A court abuses its discretion when its decision is unreasonable, unconscionable or arbitrary. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶10} In this appeal, the CMSD argues that it acted consistently with its right to arbitrate. In particular, in answering the complaint, the CMSD raised the affirmative defense of "failure to exhaust administrative remedies." The CMSD also raised the issue of arbitration in its motion for summary judgment and then again, when it moved the court to stay the case and refer the matter to arbitration. We disagree with the CMSD and find that based on the four factors outlined above, it did waive its right to arbitrate this dispute.

{¶11} In *Rock*, it was recognized that a party does not automatically waive its right to pursue arbitration by failing to specifically plead the right to arbitrate in its answer, provided the party pleads that the trial court lacked jurisdiction and also moved

to stay the action and to arbitrate the claim. In the present case, the CMSD failed to raise the affirmative defense of arbitration in its answer nor did it argue that the trial court lacked jurisdiction to hear the case. The CMSD attempts to argue that its affirmative defense of "failure to exhaust administrative remedies" included its right to arbitrate but we disagree. The CMSD was aware of the arbitration clause of the contract with Academic and it failed to raise this right in answering Academic's complaint.

{¶12} Additionally, the CMSD did not move to stay the action and to refer the matter to arbitration until September 19, 2012, nearly one year and three months after the initial complaint was filed. The CMSD argues that it raised its right to arbitration in its motion for summary judgment, which was filed December 13, 2011; however, we disagree. The crux of CMSD's motion dealt with the merits of Academic's case and why no genuine issue of material fact existed. CMSD raised the issue of arbitration only as an alternative should the court not agree with the merits of its motion. In either instance, the CMSD did not properly move the court to compel arbitration or move the court to stay proceedings as outlined in R.C. 2711.02-.03.

{¶13} On July 23, 2012, the trial court advised the parties of the final pretrial and trial dates of October 1, 2012 and October 16, 2012, respectively. Even with notice of the upcoming trial, CMSD did not formally petition the court to stay the case and refer the matter to arbitration until September 19, 2012, one month before trial was to commence. Additionally, on October 1, 2012, CMSD submitted its trial brief, witness

list and trial exhibit list. As such, CMSD participated in the litigation by answering the complaint, filing a dispositive motion, exchanging discovery and preparing for trial for over a year before moving the court to stay the case and refer the matter to arbitration.

{¶14} Lastly, as evidenced by the record, the parties have exchanged discovery and all trial briefs, witness lists and exhibit lists have been filed. CMSD participated in the litigation and exchanged discovery with Academic and Academic will suffer prejudice should this matter now be referred to arbitration. CMSD acted at all times as if it was participating in the litigation; it cannot then, at the eleventh hour, attempt to invoke the arbitration clause contained in the contract.

{¶15} In *Pinnacle*,this court determined that a demand for arbitration sixteen months after the initiation of litigation did not constitute a waiver of arbitration. We find the present case distinguishable from *Pinnacle*. Unlike the present case, the parties had not engaged in extensive litigation regarding the merits of the underlying claim. In *Pinnacle*, the record demonstrated that the majority of activity between the filing of the lawsuit and the court's referral to arbitration consisted of litigating the plaintiff-appellant's request for a temporary restraining order and preliminary injunction and participating in business mediation. Additionally, discovery was not completed and the trial court rescheduled the trial for a later date.

{¶16} In the present case, CMSD filed an answer that did not affirmatively raise the right to arbitrate. Additionally, CMSD waited almost fifteen months before formally petitioning the court to refer the matter to arbitration. More importantly,

CMSD, unlike the defendants-appellees in *Pinnacle*, fully participated in the litigation. CMSD filed a dispositive motion, exchanged discovery, prepared a trial brief, witness list and exhibit list; and further, the trial court set a trial date, which was one month prior to CMSD's request for arbitration. Lastly, Academic would be prejudiced by a referral to arbitration, because they have prepared for trial in the manner consistent with their lawsuit. Thus, it is clear that the present case is distinguishable from *Pinnacle.*

{¶17} Based on the foregoing, we find that CMSD knew of its right to arbitrate and that it acted inconsistently with that right in its participation of the underlying litigation. *Milling Away*; *Checksmart*; *Wishnosky*.

{¶18} CMSD's sole assignment of error is overruled.

{¶19} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
SEAN C. GALLAGHER, J., CONCUR