[Cite as *Gerston v. Parma VTA, L.L.C.*, 2020-Ohio-3455.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

KIMBERLEE A. GERTSON, TRUSTEE
THE GERSTON FAMILY TRUST,
DATED NOVEMBER 20, 2002, ET AL.  :

      Plaintiffs-Appellees,     :

                                   No. 108823

      v.                   :

PARMA VTA, L.L.C., ET AL.        :

      Defendants-Appellants.    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  June 25, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-14-829947

---

### *Appearances:*

Goldberg Legal Co., L.P.A. and Steven M. Goldberg; Richardson, Patrick, Westbook & Brickman, L.L.C. and Karl E. Novak; Zagrans Law Firm, L.L.C. and Eric H. Zagrans; and Miller, Canfield, Paddock and Stone, P.L.C. and Conor T. Fitzpatrick , *for appellees.*

Walter Haverfield, L.L.P., Mark I. Wallach, and John P.L. Mills, *for appellants.*

LARRY A. JONES, SR., J.:

**{¶ 1}** Defendants-appellants, Allan Robbins ("Robbins"), Leah Robbins, Parma VTA, L.L.C., and AKMS, L.P., appeal from the trial court's July 12, 2019 judgment denying their motion for partial stay of proceedings. For the reasons set forth below, we affirm.

## PROCEDURAL AND FACTUAL HISTORY

**{¶ 2}** For the purpose of this appeal, we set forth the following factual and procedural background.

**{¶ 3}** This a complex civil case that was initiated in 2014 by plaintiff-appellee Kimberlee Gerston ("Kimberlee"), Trustee of the Gerston Family Trust ("the Trust"), against the above-named defendants, as well as appellee Parma GE 7400. As will be discussed below, Parma GE 7400 eventually became a plaintiff in this litigation.

**{¶ 4}** The Trust was formed in 2002 under California laws by husband Kenneth Gerston ("Gerston") and wife Kimberlee. Each was designated as the primary trustee, and in the event of the death of one of them, the survivor was to continue to act as the primary trustee. Gerston died in 2010, and, thereafter, Kimberlee assumed the role of primary trustee.

**{¶ 5}** Prior to Gerston's death, he and Robbins had been negotiating the purchase of the centerpiece of this litigation — commercial property located at 7400 Broadview Road, Parma, Ohio. Gerston and Robbins formed companies for the sole purpose of effectuating the sale; Gerston's company was Parma GE 7400 and

Robbins's company was Parma VTA. Robbins and Gerston entered into a Tenants-in-Common Agreement ("TIC Agreement"), which set forth the terms of the administration of the property and the nature of the parties' relationship. Under the TIC Agreement, Parma GE 7400 was the majority interest owner of the property. Further, under the TIC Agreement "[a]ny controversy arising out of or related to this Agreement or the breach thereof or an investment in the interests shall be settled by arbitration in Cuyahoga County * * *."

{¶ 6} After Gerston's death, ownership of Parma GE 7400 became an issue and Kimberlee filed this action. In Count 1 of her complaint, Kimberlee sought a declaratory judgment declaring the Trust to be the owner of Parma GE 7400. At the defendants' behest, the declaratory judgment portion of the case was bifurcated from the rest of the case and was tried in a bench trial; the defendants did not mention the possibility of arbitration. Their motion requested that the "issue of who the owner of [Parma GE 7400] be decided first, and all claims flowing from that determination — whether Plaintiff's or Defendants' — be bifurcated and tried separately."

{¶ 7} At the conclusion of the bench trial on the declaratory judgment portion of the case, the trial court found that the Trust was the majority legal owner of Parma GE 7400. In June 2018, this court affirmed that ruling. *Gerston v. Parma VTA, L.L.C.*, 8th Dist. Cuyahoga No. 105572, 2018-Ohio-2185. More details about the facts of this case are set forth in that opinion.

{¶ 8} On remand to the trial court, because of this court's ruling, Parma GE 7400 transitioned from status as a defendant to joining Kimberlee as a plaintiff, and on March 8, 2019, the plaintiffs (Kimberlee and Parma GE 7400) filed a supplemental complaint. On April 11, 2019, the defendants-appellants filed an answer, along with counterclaims, to the supplemental complaint. The answer asserted numerous affirmative defenses, one of them being that some of the counts of the supplemental complaint were subject to arbitration under the TIC Agreement; it was the first time in the five years of litigation that the defendants mentioned the arbitration provision.

{¶ 9} On that same date, April 11, the defendants also filed the motion for partial stay of proceedings, which is the subject of this appeal. In the motion, the defendants contended that "Plaintiffs' Supplemental Complaint, with the participation of newly-realigned Plaintiff Parma GE 7400, has asserted claims which are clearly subject to the mandatory arbitration provision contained in the [TIC Agreement] between Plaintiff Parma GE 7400 L.L.C. and Defendant Parma VTA L.L.C." Although not directly at issue in this appeal, for full context it is important to note that on April 5, 2019, the defendants filed a motion to compel arbitration on another matter — a "cash call" that allegedly occurred between two of the parties — but the defendants withdrew the motion to compel on April 17, 2019.

{¶ 10} The plaintiffs filed one brief in opposition to both of the above-mentioned motions — the subject motion for partial stay of proceedings and the April 5 motion to compel arbitration on the alleged "cash call" issue. The substance

of the plaintiffs' opposition only went to the "cash call" matter, however. The trial court summarily denied the defendants' motion for partial stay of proceedings without explanation. The defendants have raised the following sole assignment of error for our review: "The Trial Court erred in denying Defendants' Motion for Partial Stay of Proceedings pending arbitration of five claims set forth in Plaintiffs' Supplemental Complaint."

## LAW AND ANALYSIS

Standard of Review

{¶ 11} The defendants contend that our standard of review is de novo, while the plaintiffs contend that we review for an abuse of discretion. When reviewing a challenge to an arbitration clause, the appropriate standard of review depends on "the type of questions raised challenging the applicability of the arbitration provision." *McCaskey v. Sanford-Brown College*, 8th Dist. Cuyahoga No. 97261, 2010-Ohio-1543, ¶ 7. Generally, an abuse of discretion standard applies. *Id.*, citing *Milling Away, L.L.C. v. UGP Properties, L.L.C.*, 8th Dist. Cuyahoga No. 95751, 2011-Ohio-1103. Whether a party has waived the right to arbitrate a dispute is subject to an abuse-of-discretion standard. *Id.* However, the issue of whether a party has agreed to submit an issue to arbitration or questions of unconscionability are reviewed under a de novo standard of review. *Id.* at ¶ 7-8, citing *Shumaker v. Saks Inc.*, 163 Ohio App.3d 173, 2005-Ohio-4391, 837 N.E.2d 393 (8th Dist.), and *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12.

{¶ 12} As mentioned, the defendants sought the partial stay after this court's first decision in this case, which prompted one-time defendant Parma GE 7400 to become aligned with Kimberlee as a plaintiff, and the plaintiffs to file a supplemental complaint. At the trial-court level, the plaintiffs opposed the motion on four grounds, all related to the "cash call" matter, which was not the subject of the motion at issue.

{¶ 13} Here on appeal, the plaintiffs do not contest that Parma GE 7400 and Parma VTA agreed to arbitrate; nor do they contend that the arbitration agreement was unconscionable. Rather, the plaintiffs contend that the defendants waived their right to arbitrate. Because the defendants filed their withdrawal of their April 5 motion to compel on April 17, 2019, the same day plaintiffs filed their combined opposition to the motion to compel and motion for partial stay, and the opposition only went to the issue raised in the motion to compel, presumptively the trial court did not rely on the grounds stated therein as a reason for denying the defendants' motion for partial stay.

{¶ 14} We therefore consider the issue as briefed by the parties on appeal — whether the defendants waived their right to arbitrate — and review for an abuse of discretion: the waiver issue is usually a fact-driven issue and we will not reverse the trial court's decision absent a showing of abuse of discretion. *Vining v. Logan Clutch Corp.,* 8th Dist. Cuyahoga No. 108563, 2020-Ohio-675, ¶ 10.[1]

---

[1]Although appellate courts generally do not consider arguments raised for the first time on appeal, *Lycan v. Cleveland*, 8th Dist. Cuyahoga Nos. 107700 and 107737, 2019-Ohio-

Analysis

{¶ 15} Arbitration is a matter of contract and can be enforced unless explicitly or implicitly waived. *Bass Energy, Inc. v. Highland Hts.*, 193 Ohio App.3d 725, 2010-Ohio-2102, 954 N.E.2d 130, ¶ 33 (8th Dist.). Implicit waiver occurs when a party fails to assert its rights or participates in the litigation "to such an extent that its actions are 'completely inconsistent with any reliance' on this right, resulting in prejudice to the opposing party." *Id.,* quoting *General Star Natl. Ins. Co. v. Adminstratia Asigurarilor De Stat*, 289 F.3d 434, 438 (6th Cir.2002), and *Gordon v. OM Fin. Life Ins. Co.*, 10th Dist. Franklin No. 08AP-480, 2009-Ohio-814.

{¶ 16} We are mindful, however, that there is a strong public policy that favors arbitration of disputes; therefore, we do not lightly infer that a party who has initiated litigation on a matter has waived the right to arbitration. *Harsco Corp. v. Crane Carrier Co.*, 122 Ohio App.3d 406, 414, 701 N.E.2d 1040 (3d Dist.1997). The party contending that waiver occurred has a "heavy burden" of demonstrating that the party requesting arbitration acted inconsistently with the right to arbitrate. *U.S. Bank v. Wilkens*, 8th Dist. Cuyahoga No. 93088, 2010-Ohio-262, ¶ 32.

{¶ 17} Some of the factors that courts consider in determining whether the totality of the circumstances supports a finding of waiver include the following: (1) whether the party seeking arbitration invoked the jurisdiction of the trial court by filing a complaint, counterclaim, or third-party complaint without asking for a stay

---

3510, ¶ 32-33, because we do not know the ground on which the trial court based its decision to deny defendants' motion to stay, we consider plaintiffs' waiver contention.

of proceedings; (2) the delay, if any, by the party seeking arbitration in requesting a stay of proceedings or an order compelling arbitration; (3) the extent to which the party seeking arbitration participated in the litigation, including the status of discovery, dispositive motions and the trial date; and (4) any prejudice to the nonmoving party due to the moving party's prior inconsistent actions. *Academic Support Servs., L.L.C. v. Cleveland Metro. School Dist.*, 8th Dist. Cuyahoga No. 99054, 2013-Ohio-1458, ¶ 8.

{¶ 18} Here, the underlying action was initiated by Kimberlee's 2014 complaint. The plaintiffs contend that the defendants litigated the action for five years without raising the arbitration provision of the TIC Agreement and, as such, the "arbitration ship sailed long ago." The defendants, on the other hand, contend that the arbitration provision was not triggered until Parma GE 7400 was realigned to be in an adversarial position with Parma VTA, at which time it promptly raised arbitration.

{¶ 19} We first look to the language of the TIC Agreement, which provides in relevant part that, "*[a]ny* controversy *arising out of or related* to this Agreement or the breach thereof *or an investment in the interests* shall be settled by arbitration in Cuyahoga County * * *." (Emphasis added.) The TIC Agreement was filed with the original complaint, which repeatedly referenced the Agreement, and contained claims based on it. For example, under Count 3 of the original complaint, Kimberlee alleged that "[t]here is due and owing to [her] from the Defendants, jointly and

severally, an amount equal to all distributions that [she] should have received in accord with the TIC Agreement * * *."

{¶ 20} One of the cases the defendants cite in this appeal is *Cleveland-Akron-Canton Advertising Cooperative v. Physician's Weight Loss Ctrs. of Am.*, 184 Ohio App.3d 805, 2009-Ohio-5699, 922 N.E.2d 1012 (8th Dist.). They rely on *Cleveland-Akron-Canton* for the proposition that an arbitration clause cannot be employed by a nonparty to the underlying agreement. That is, relative to this case, that Kimberlee, who was the sole plaintiff until 2019, was not a party to the TIC Agreement and, therefore, could not have been bound by its arbitration provision. Upon review, *Cleveland-Akron-Canton* is not helpful to the defendants' position.

{¶ 21} Specifically, in *Cleveland-Akron-Canton*, this court noted that although it is generally true that a party who has not contractually agreed to arbitrate his or her dispute cannot be forced to arbitrate and forego judicial remedies, "[t]here are instances where equity demands that parties who have not agreed to arbitrate their disputes may be forced to do so when 'ordinary principles of contract and agency' require." *Id.* at ¶ 14, quoting *McAllisters Bros., Inc. v. A & S. Transp. Co.*, 621 F.2d 519, 524 (2d Cir.1980).

{¶ 22} In *Cleveland-Akron-Canton*, the plaintiff cooperative entered into cooperative agreements with the northeast Ohio franchisees of Physician Weight Loss Centers of America, Inc. to satisfy the franchisees' advertising responsibilities under their franchise agreements with the franchisor, Physician Weight Loss Centers of America, Inc. The franchise agreements contained arbitration

provisions, but the cooperative agreements did not, and Physician Weight Loss Center of America, Inc. was not a party to the cooperative agreements.

{¶ 23} Due to difficulties in collecting money, the cooperative initiated suit against several delinquent franchisees and the franchisor. The defendants filed a motion to dismiss or stay pending arbitration, which the trial court denied; the defendants appealed.

{¶ 24} This court found that the plaintiff cooperative wanted to enforce the franchise agreements from which it had received benefits, while simultaneously seeking to avoid their arbitration provisions. The panel held that because the cooperative knowingly accepted the benefits of the agreements, it had to endure the burdens as well, and found that the plaintiff cooperative was a third-party beneficiary under the franchise agreements. Thus, by maintaining an action for breach of contract against the franchisor for promises made in the franchise agreements, the plaintiff cooperative bound itself to the terms contained therein, and it had to submit the dispute to arbitration as outlined in the franchise agreements.

{¶ 25} Likewise, here, Kimberlee was not a party to the TIC Agreement but from the beginning of the case she relied on the Agreement in an attempt to seek benefits for the Trust and, by extension, for herself. Thus, it is possible that had the defendants raised the issue of arbitration earlier, Kimberlee would have been bound by it.

{¶ 26} We find two other cases cited by the defendants distinguishable from the within case: *Dumas v. N. E. Auto Credit, L.L.C.,* 8th Dist. Cuyahoga Nos. 108151 and 108388, 2019-Ohio-4789, and *Gembarski v. PartsSource Inc.*, 157 Ohio St.3d 255, 2019-Ohio-3231, 134 N.E.3d 1175. *Dumas* and *Gembarski* involved class action cases, where initially the individual plaintiffs filed cases for breach of agreements that contained permissive arbitration clauses. Later, the cases were certified as class actions and the defendants sought arbitration. This court and the Ohio Supreme Court held that arbitration of the putative classes' claims was not available until the class-action certification because prior to that the putative class members were not parties to the action.

{¶ 27} Here, however, the subject parties — Kimberlee, Parma GE 4700, and Parma VTA — were parties to the case since its inception in 2014. For the reason discussed above, we are not persuaded that the issue of arbitration could not have been raised and addressed prior to 2019.

{¶ 28} We consider the case of *Neel v. Perrino Constr., Inc.*, 8th Dist. Cuyahoga No. 105366, 2018-Ohio-1826. In *Neel*, the plaintiffs sued the construction company. The construction company answered, counterclaimed, and filed a third-party complaint, but maintained that it was not waiving its right to insist upon arbitration under the parties' agreement. The company later sought to have the case stayed pending arbitration, and the trial court granted its request. The plaintiffs appealed.

**{¶ 29}** One of the issues on appeal was whether the construction company had waived its right to arbitration by initially participating in the proceedings. This court acknowledged the company's participation in the litigation, but found it "relatively limited," and that "under the totality of the circumstances," it had not waived its right to arbitration. *Id.* at ¶ 35. The court noted that only three months had passed from when the plaintiffs filed their complaint until the time the company sought arbitration, that the plaintiffs had neither contended nor demonstrated that they were prejudiced by the passage of time, and that the company had "consistently reserved its right to arbitration." *Id.*

**{¶ 30}** In the instant case, five years elapsed before the defendants even mentioned arbitration. It is true that Parma GE 7400 realigned, but it was always a party in the case and the TIC Agreement was always at issue. At the very least, the defendants could have reserved their right to arbitrate. On this record, under the totality of the circumstances, the trial court did not abuse its discretion by denying the defendants' motion for partial stay of proceedings. Even if we reviewed under the less deferential de novo standard, we would find no error. The sole assignment of error is therefore overruled.

**{¶ 31}** Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

ANITA LASTER MAYS, P.J., CONCURS;
MICHELLE J. SHEEHAN, J., DISSENTS
WITH SEPARATE OPINION

MICHELLE J. SHEEHAN, J., DISSENTING:

{¶ 32} I respectfully dissent. I would hold Parma VTA, L.L.C. ("Parma VTA") did not waive its right to arbitration based on the facts in this case and reverse the denial of defendants' motion to stay pending arbitration.

{¶ 33} First, the trial court's basis for denying defendants' motion to stay[2] is unclear. As noted by the majority, on April 17, 2019, plaintiffs[3] filed a combined opposition to defendants' motion to compel filed April 5, 2019, and motion to stay filed April 11, 2019. However, plaintiffs' opposition only appears to address defendants' motion to compel, not the motion to stay. Plaintiffs added one sentence in the conclusion requesting the trial court to alternatively "overrule the motions on the grounds that defendants' attempt to invoke the Court's jurisdiction is inconsistent with defendants' claimed right to arbitration, thereby creating a waiver of that right." The same day plaintiffs filed the brief in opposition, defendants

_____
[2]Defendants' motion filed April 11, 2019, is a "motion for partial stay of proceedings" but referred to herein as a "motion to stay."
[3] "Plaintiffs" herein refer to the original Plaintiff, Kimberlee A. Gerston, Trustee, the Gerston Family Trust, Dated November 20, 2002 and the realigned Plaintiff, Parma GE 7400.

withdrew their motion to compel. Thus, plaintiffs never appeared to argue in the proceedings below that defendants waived their right to arbitrate the five claims asserted in the supplemental complaint because litigation has been pending for five years, the basis of their argument on appeal.

{¶ 34} To further complicate the issue, the docket reflects that the trial court held defendants' motion to stay in abeyance until a hearing was to be held on May 8, 2019. However, the record is void of any reference to such a hearing taking place. Both parties in their appellate briefs refer to an "argument on May 8, 2019" or a "scheduled oral argument on the pending motion to stay, which was expanded into a general discussion of the issues in the case," but neither a journal entry nor a transcript exists regarding any "arguments" or "discussion" regarding defendants' motion to stay. Therefore, it is unclear if the arguments on appeal were ever considered by the lower court and therefore waived, especially as the lower court provided no rationale for the ruling other than "Defendants' Motion for Partial Stay of Proceedings, filed 4/11/2019 is denied."

{¶ 35} Second, our standard of review appears to be a mixed standard of review. "An assertion that a party waived an argument presents a mixed question of law and fact." *Gembarski v. PartsSource, Inc.*, 157 Ohio St.3d 255, 2019-Ohio-3231, 134 N.E.3d 1175, ¶ 26. A reviewing court evaluates legal questions independently but defers to a trial court's factual findings when those findings are supported by the record. *State v. Keene*, 81 Ohio St.3d 646, 656, 693 N.E.2d 246 (1998).

**{¶ 36}** Third, while I agree with the majority's citation to case law outlining the requirements to establish a party waived the right to arbitrate, I disagree that the facts and totality of the circumstances establish defendants waived their right to arbitrate the five claims at issue asserted by Parma GE 7400 in this case.

**{¶ 37}** While the case has a lengthy history and has been pending over five years, it is important to note that the court ordered the issues in this case bifurcated. The first issue to be tried was who owned Parma GE 7400? Plaintiffs' initial complaint sued Parma GE 7400 and Parma VTA, L.L.C. Plaintiff Kimberlee A. Gerston, Trustee, the Gerston Family Trust, Dated November 20, 2002 ("Kimberlee") and Parma VTA both alleged that they owned Parma GE 7400. Kimberlee's original complaint sought a declaration that Kimberlee owned Parma GE 7400. It was alleged that because Kimberlee owned Parma GE 7400, and Parma GE 7400 was owed distributions from the Tenancy in Common Agreement ("TIC"), that Kimberlee is owed the distributions that should be paid to Parma GE 7400. (Claim III, original complaint, ¶ 33-34.) This is not a case whereby Kimberlee was alleging she was a third-party beneficiary to the TIC Agreement. Rather, Kimberlee and Parma VTA both alleged ownership of Parma GE 7400. Thus, Parma VTA did not have a justiciable controversy with Parma GE 7400 based on Kimberlee's initial complaint because Parma VTA was also alleging ownership of Parma GE 7400. It was not until the court held a trial and determined that Kimberlee was the lawful owner of Parma GE 7400 that Kimberlee filed a supplemental complaint to realign the parties and request leave for Parma GE 7400, as a plaintiff, to assert claims

against Parma VTA in a supplemental complaint. In the "Motion of Parma GE 7400 and Plaintiff for Leave to File Supplemental Complaint *Instanter*," Parma GE 7400 and Kimberlee acknowledged that "Parma GE 7400's claims were not ripe and could not be brought" until the trial court determined who owned Parma GE 7400.[4] Parma GE 7400, becoming an adverse party and asserting claims against Parma VTA, triggered Parma VTA's first obligation to assert arbitration as a defense against Parma GE 7400's claims, which Parma VTA did. Parma VTA filed a motion to stay to arbitrate the five claims by Parma GE 7400 relating to the TIC agreement 23 days after Kimberlee's motion to realign Parma GE 7400 as a plaintiff was granted.

{¶ 38} The Ohio Supreme Court's recent ruling in *Gembarski,* 157 Ohio St.3d 255, 2019-Ohio-3231, 134 N.E.3d 1175, is instructive. In *Gembarski,* the Ohio Supreme Court addressed whether PartsSource waived its right to assert arbitration as a defense to a class-action certification action. *Id.* at ¶ 44. Specifically, PartsSource did not raise arbitration as a defense to the plaintiff's claims. However, when the plaintiff sought class certification, including unnamed putative class members who had entered into an arbitration agreement with PartsSource, PartsSource raised the arbitration defense for the first time. The trial court and the court of appeals held PartsSource waived its right to assert an arbitration defense. In a case of first impression, the Ohio Supreme Court reversed the lower courts and

---

[4]Plaintiffs' motion for leave provides, "Because Parma GE 7400's claims arose and ripened only after the Court rendered declaratory judgment, and further because those claims could not practicably be asserted until after remand from the higher courts, Parma GE 7400 and [Kimberlee], its owner in accordance with the declaratory judgment, should be permitted to assert the original and supplemental claims."

held "PartsSource did not need to raise defenses that would be applicable against only those unnamed potential putative class members who were merely potential future parties." *Id.* at ¶ 28. The Ohio Supreme Court noted that the unnamed putative class members were not parties to the class action prior to certification. *Id.* at ¶ 29. "Absent class certification, there is no justiciable controversy between a defendant and the unnamed putative class members." *Id.* at ¶ 31, citing *Kincaid v. Erie Ins.* Co., 128 Ohio St.3d 322, 2010-Ohio-6036, 944 N.E.2d 207, ¶ 17 (a controversy, to be justiciable, must be grounded on a present dispute, not a possible future dispute); *State ex rel. Barclays Bank P.L.C. v. Hamilton Cty. Court of Common Pleas,* 74 Ohio St.3d 536, 544, 660 N.E.2d 458 (1996) (justiciable matters are actual controversies between the parties); *see also Mallory v. Cincinnati*, 1st Dist. Hamilton No. C-110563, 2012-Ohio-2861, ¶ 10 (recognizing that this court has interpreted justiciable matters to mean an actual controversy, one with adverse legal interests, between the parties). While *Gembarski* pertains to class-action certification, the case is instructive here: until a justiciable claim exists between parties, without more, an obligation to raise arbitration as a defense does not exist. Otherwise, parties would be required to raise arbitration as a defense or fear waiving it in every case where an arbitration provision exists in a contract, even if the parties to the contract do not have claims asserted against each other. Therefore, I dissent.

KEYWORDS:

Arbitration; motion for stay of proceedings; waiver of arbitration.

In light of the totality of the circumstances, the trial court did not abuse its discretion where it denied appellants' motion for partial stay of proceedings. The failure to reserve the right to arbitrate constituted a waiver.