JOURNAL ENTRY {¶ 1} The prior journal entry and opinion of this court released on January 15, 2004 is hereby revised and amended nunc pro tunc. said journal entry and opinion contained an error on page four, line 11, in the sentence which reads:
 {¶ 2} "It is a fundamental tenant of the law that a voluntary dismissal of an action pursuant to Civ.R. 41(a)(1) terminates the action as to all claims and all parties and deprives the court of jurisdiction."
 {¶ 3} This sentence should have read as follows:
 {¶ 4} "It is a fundamental tenet of the law that a voluntary dismissal of an action pursuant to Civ.R. 41(a)(1) terminates the action as to all claims and all parties and deprives the court of jurisdiction."
 {¶ 5} Also, the first sentence in the last paragraph on page six contained an error in the sentence which reads:
 {¶ 6} "Perhaps the court had other reasons for proceeding with trial, but the record does indicate what they might have been."
 {¶ 7} This sentence should have read as follows:
 {¶ 8} "Perhaps the court had other reasons for proceeding with trial, but the record does not indicate what they might have been."
 {¶ 9} As so amended, the journal entry and opinion shall stand in full force and effect as to all its particulars. the corrected entry is attached.
Ann Dyke and Sean C. Gallagher, JJ., concur.
 JOURNAL ENTRY and OPINION
This appeal concerns questions of law arising from a dispute over payment for sports tickets. One of the three partners of defendant MRK Technologies, Ltd. decided to leave the partnership and form his own company, plaintiff Accelerated Systems Integration, Inc. ("ASI"). At the time of the breakup, MRK had loge rights and various season tickets for the Cleveland Browns and the Cleveland Indians. The parties agreed on terms for splitting the use of the loges and the tickets. When the parties began to dispute payment and distribution of the tickets, they submitted the issue to private arbitration. The arbitrator ruled in MRK's favor, finding the agreement between the parties to be binding, but it did not make any finding relating to damages. ASI then filed a breach of contract action, alleging that MRK had breached the terms of their agreement. Before the court could take any dispositive action, ASI voluntarily dismissed the action without prejudice. MRK then filed a motion to enforce the settlement. The court went on to conduct a hearing on the motion and found that ASI, in accordance with the arbitrator's decision, had breached the terms of the agreement. The court held that MRK proved damages of $38,704.28 for the 2000 season and $59,456.10 for the 2001 season.
The parties make references to matters that do not appear on the record filed on appeal. App.R. 9 and 12(A)(1)(b) limit our review to the record provided to us by the appellant. And that record can consist only of materials in the record which were before the trial court. See State v. Ishmail (1978),54 Ohio St.2d 402. Material which is properly before the trial court consists solely of "filed" documents. "Filed" means the paper has been delivered to the clerk of court for purposes of filing and must be endorsed, i.e. time-stamped, by the clerk. State v.Gipson (1998), 80 Ohio St.3d 626, 632, 1998-Ohio-659.
We have stated these principles of appellate review because they inform our opinion that the court lacked jurisdiction to proceed with the case once a notice of voluntary dismissal had been filed. It is a fundamental tenet of the law that a voluntary dismissal of an action pursuant to Civ.R. 41(A)(1) terminates the action as to all claims and all parties and deprives the court of jurisdiction. "`It is axiomatic that such dismissal deprives the trial court of jurisdiction over the matter dismissed. After its voluntary dismissal, an action is treated as if it had never been commenced. * * *'" Gilbert v. WNIR 100 FM (2001),142 Ohio App.3d 725, quoting Zimmie v. Zimmie (1964), 11 Ohio St.3d 94,95. Moreover, "when a party files a voluntary dismissal pursuant to Civ.R. 41(A)(1)(a), the case ceases to exist. In effect, it is as if the case had never been filed." Sturm v. Sturm (1991),61 Ohio St.3d 298, 302, 574 N.E.2d 522.
The right to voluntarily dismiss an action is absolute, subject to certain limitations. For example, if trial has commenced, there is no right of dismissal. See Civ.R. 41(A)(2). Moreover, a properly filed counterclaim or cross-claim which states a legally sufficient basis to confer jurisdiction on the court survives the dismissal. Alliance Group, Inc. v. Rosenfield (1996),115 Ohio App.3d 380, 388. At the time ASI filed its notice of dismissal, trial had not commenced (indeed, MRK had not even answered the complaint) and there were no other pending counterclaims or cross-claims. Hence, the case ended on March 18, 2002 when ASI filed its notice of dismissal and the court had no jurisdiction to proceed.
It follows that MRK's motion to enforce the settlement agreement after the notice of dismissal had been filed was a nullity. Not only was no case pending before the court, the prior action was considered to have never been commenced. See Denham,Admr. v. City of New Carlisle (1999), 86 Ohio St.3d 594,1999-Ohio-128. The court's jurisdiction could not have been invoked since there was no pending action. The only proper method of invoking jurisdiction to consider the motion to enforce the settlement agreement would have been with the filing of a new complaint.
There are times when a dismissal is conditional, but those circumstances do not apply here. In Berger v. Riddle (Aug. 18, 1994), Cuyahoga App. Nos. 66195, 66200, we stated, "when an action is dismissed pursuant to a stated condition, such as the existence of a settlement agreement, the court retains the authority to enforce such an agreement in the event the condition does not occur." This case was not conditionally dismissed on the basis of a settlement agreement, and the record in this case does not contain a settlement agreement signed by the court. In short, the court had not been part of the settlement so no conditions could have been placed on ASI's right to dismiss.
The court's stated basis for proceeding with the hearing on damages was that the parties had agreed to let the court proceed with a hearing. Regardless of what the parties agreed to, they could not confer subject matter jurisdiction on the court where none existed. Fox v. Eaton Corp. (1976), 48 Ohio St.2d 236,238, overruled on other grounds in Manning v. Ohio St. LibraryBd. (1991), 62 Ohio St.3d 24. What the court permitted would be akin to holding a trial even though no complaint had been filed.
Perhaps the court had other reasons for proceeding with trial, but the record does not indicate what they might have been. Because we are limited to considering only those matters that are properly in the record, we find the court lacked jurisdiction to proceed with the case once ASI filed its notice of appeal.[1] All rulings by the court that were issued after the dismissal were a nullity.
Judgment vacated.
This cause is vacated.
It is, therefore, ordered that said appellant recover of said appellee its costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Ann Dyke, J., and Sean C. Gallagher, J., Concur.
[1] We confess that the state of the record before us leaves us with questions. For example, even though the case is captioned with American Express Travel Related Services, Inc. as the plaintiff, American Express has nothing to do with this case. The complaint filed by ASI makes no reference to pending litigation relating to American Express, and the section of the complaint labeled "PARTIES" refers to ASI as the sole plaintiff and MRK as the sole defendant. But despite this omission, all of ASI's filings made after the complaint refer to itself as "defendant and third-party plaintiff."