ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.
 {¶ 2} Defendant-appellants, Accelerated Systems Integration, Inc. ("ASI") and Michael Joseph ("Joseph"), appeal the trial court's denial of their motion to stay the proceedings under R.C. 2711.02. Finding no merit to this appeal, we affirm.
 {¶ 3} The following procedural history and substantive facts are relevant to this appeal.
 {¶ 4} Plaintiff-appellee MRK Technologies, Ltd. ("MRK") was a partnership between three individuals, including Joseph. Joseph left the partnership and formed his own company, ASI. At the time of the dissolution, the parties executed a separation agreement in October 1999, which addressed, inter alia, the rights and obligations pertaining to tickets and loge rights at Cleveland Browns Stadium and Jacobs Field. The agreement provided that MRK and ASI would equally share the rights and obligations of the loge suites, but they would agree on a "mechanism" for doing so.
 {¶ 5} Thereafter, the parties negotiated separate written agreements ("Private Suite Agreements") concerning the terms for splitting the use of each loge and the tickets. However, the parties disputed the payment and distribution of the tickets. ASI claimed that the only enforceable agreement was the separation agreement and that MRK breached its terms by failing to agree on a mechanism to share the tickets. In contrast, MRK contended that the Private Suite Agreements were enforceable and governed the distribution of and payment for the tickets. Pursuant to an arbitration provision contained in the separation agreement, the parties submitted the dispute to private arbitration. On January 8, 2002, the arbitrator ruled in favor of MRK, finding that it had not breached the separation agreement and that the Private Suite Agreements were enforceable. The arbitrator, however, did not make any determination relating to damages.
 {¶ 6} On October 4, 2001, while the arbitration was pending and prior to the arbitrator's decision, ASI filed a breach of contract action in common pleas court against MRK and sought injunctive relief concerning rights over Cleveland Indians' tickets and the Jacobs Field loge.[1]
Prior to MRK filing a response to the complaint, the parties appeared for a pretrial and reached a settlement agreement. ASI voluntarily dismissed its claims without prejudice. MRK then moved to enforce the settlement agreement. The trial court conducted a hearing on the motion and found that the parties had reached a settlement in the court's presence, which included an agreement for the court to conduct a damages hearing pertaining to any breach under the Private Suite Agreement governing the loge at the Cleveland Browns Stadium. The trial court ultimately found that ASI, in accordance with the arbitrator's decision, had breached the terms of the Private Suite Agreement. The court awarded damages in favor of MRK in the amount of $38,704.28 for the 2000 season and $59,456.10 for the 2001 season.
 {¶ 7} ASI appealed, and this court vacated the trial court's award. See American Express Travel Related Servs. v. MRK Techs., Ltd., Cuyahoga App. No. 83030, 2004-Ohio-865. This court held that the trial court was divested of subject matter jurisdiction when ASI voluntarily dismissed its claims and, thus, the court had no jurisdiction to proceed on the motion to enforce settlement. This court further noted that the parties could not confer subject matter jurisdiction upon the court even if they had previously agreed that the court could conduct a damages hearing. Instead, this court stated that "the only proper method of invoking jurisdiction to consider the motion to enforce the settlement agreement would have been with the filing of a new complaint."
 {¶ 8} After our decision, MRK commenced the instant action against ASI, asserting a claim for breach of the settlement agreement. ASI moved to dismiss the complaint on the basis that the matter is subject to binding arbitration. ASI argued that under the terms of the settlement agreement, as memorialized in a "General Release" signed by the parties, they are entitled "to retain their respective rights to pursue damage claims relating to 2000 and 2001." ASI contended that their respective rights for any damages pertaining to the 2000 and 2001 Cleveland Browns' seasons were governed by the parties' separation agreement, which included a mandatory arbitration provision. Subsequently, MRK amended its complaint to add Joseph as a defendant and assert an additional claim for breach of the Private Suite Agreement. ASI and Joseph then moved to stay the proceedings. The trial court denied appellants' motion to stay without opinion.
 {¶ 9} ASI and Joseph appeal the trial curt's denial of their motion to stay,[2] raising four assignments of error, which we will address together and out of order where appropriate.
 {¶ 10} ASI and Joseph contend in their first and fourth assignments of error that MRK's claims are governed by the separation agreement, which contains an enforceable and binding arbitration clause. Because of the existence of this valid arbitration clause, they contend the trial court was required to stay the proceedings under R.C. 2711.02. MRK does not dispute the validity of the arbitration clause but argues that, even if the separation agreement governed the claims, ASI and Joseph waived their right to pursue arbitration.[3]
 {¶ 11} We review a trial court's decision to deny a motion to stay pursuant to an abuse of discretion standard. Harsco Corp. V. Crane CarrierCo. (1997), 122 Ohio App.3d 406, 410; Robinson v. Cent. Reserve LifeIns. Co., Cuyahoga App. No. 82981, 2003-Ohio-6647. A court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Thus, if the record demonstrates a reasonable basis for the trial court's decision, we must affirm.
 {¶ 12} It is well settled that a party's waiver of the right to arbitrate constitutes a reasonable basis for denying a motion to stay.Harsco, supra; Cleveland Thermal Energy Corp. v. Cleveland Elec.Illuminating Co., Cuyahoga App. No. 80312, 2002-Ohio-3904, citingWishnosky v. Star-Lite Bldg. Dev. Co (Sept. 7, 2000), Cuyahoga App. No. 77245. However, given the strong presumption in favor of arbitration, a waiver of the right to arbitrate is not lightly inferred.Wishnosky, supra. In determining whether a defending party waived the right to arbitrate, this court has held that the complaining party must demonstrate that the defendant knew of an existing right to arbitration and acted inconsistently with that right to arbitrate. Phillips v. LeeHomes (Feb. 17, 1994), Cuyahoga App. No. 64353, citing List Son Co.v. Chase (1909), 80 Ohio St. 42; Central Trust Co. v. Anemostat ProductsDivision, 621 F.Supp. 44 (S.D. Ohio 1985); Rock v. Merrill Lynch,Pierce, Fenner Smith, Inc. (1992), 79 Ohio App.3d 126. "The essential question is whether, based on the totality of the circumstances, the party seeking arbitration has acted inconsistently with the right to arbitrate." Phillips, supra. See, also, Harsco, supra.
 {¶ 13} Under the circumstances of this case, we find that ASI and Joseph waived their right to arbitrate any claims under the separation agreement. The undisputed facts show that this case arises as a result of the earlier case filed by ASI in October 2001 in common pleas court. ASI commenced that action against MRK for breach of contract under the separation agreement. ASI obviously knew of the right to pursue arbitration under the separation agreement because the parties were involved in arbitration proceedings at the time that it commenced its suit. Thus, despite its obvious knowledge of the arbitration provision, ASI abandoned its right to arbitrate and initiated proceedings in the common pleas court. See CheckSmart v. Morgan, Cuyahoga App. No. 80856, 2003-Ohio-163 (plaintiff waived right to arbitrate because filing a lawsuit is inconsistent with enforcing an arbitration provision); see, also, Mills v. Jaguar-Cleveland Motors, Inc. (1980), 69 Ohio App.2d 111,113 (a party's waiver may be effected by filing suit).
 {¶ 14} We further find that ASI's voluntary dismissal of the complaint did not operate as a revocation of its waiver to arbitrate. Here, ASI initiated the lawsuit giving rise to the instant case and actively litigated the case with MRK prior to its dismissal. Further, MRK defended the action in good faith and attempted to resolve the matter. Thus, given the conduct of the parties and the procedural history of this case, including the judicial resources already expended in attempting a resolution, the doctrine of equitable estoppel precludes any claim that the waiver was revoked. See, generally, Cleveland Thermal Energy Corp.v. Cleveland Elec. Illuminating Co., Cuyahoga App. No. 80312, 2002-Ohio-3904.
 {¶ 15} Finally, to the extent that Joseph claims he did not waive his right to arbitrate claims under the separation agreement because he was not a party to the initial suit filed in October 2001, we find this argument unpersuasive. The record clearly shows there was privity between Joseph and ASI in both the private arbitration and the initial suit. Further, we fail to see how the interests of Joseph, as president and founder of ASI, differed from ASI's in the underlying disputes. Moreover, we find that Joseph controlled the earlier action in furtherance of his own interests. Under such circumstances, we find that ASI's waiver of the right to arbitration under the separation agreement should be imputed to Joseph.
 {¶ 16} Having found that ASI and Joseph waived their right to arbitrate any claims under the separation agreement, we find no abuse of discretion in the trial court's denial of the motion to stay. Accordingly, the first and final assignments of error are overruled.
 {¶ 17} In their second assignment of error, ASI and Joseph argue that the trial court erred in finding that they waived arbitration by their alleged breach of the settlement agreement. They further argue in their third assignment of error that the trial court erred in finding that the underlying action was governed by the Private Suite Agreement. However, we find no evidence in the record to support either of these contentions and, therefore, we overrule these assignments of error. Moreover, having already found no error in the trial's court decision denying the motion to stay, we find these assignments of error are moot.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J. and Sweeney, J. concur.
[1] The case was captioned American Express Travel Related Services,Inc., et al. v. MRK Technologies, et al., Case No. CV-01-450129.
[2] Although a denial of a motion to stay is an interlocutory order, R.C. 2711.02 grants this court jurisdiction to review this appeal.
[3] MRK also argues that its claims are not subject to the separation agreement but, rather, arise under the Private Suite Agreement and settlement agreement, which contain no arbitration provision. However, we need not address these claims because they are irrelevant to our disposition of this appeal. Further, we find that the enforceability or application of the Private Suite Agreement and General Release are matters still before the trial court.