[Cite as *Debois, Inc. v. Guy*, 2020-Ohio-4989.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DEBOIS, INC. DBA DBS FINANCIAL,   :

    Plaintiff-Appellant,      :

                                  No. 108943

    v.                     :

DUANE GUY, ET AL.,         :

    Defendants-Appellees.    :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 22, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-17-888154

---

### *Appearances:*

Collins, Roche, Utley & Gamer, L.L.C., and Megan D. Stricker, *for appellants*.

Frederick & Berler, L.L.C., Ronald I. Frederick, Michael L. Berler, and Michael L. Fine, *for appellee*.

MARY EILEEN KILBANE, J.:

{¶ 1} Plaintiff-appellant Debois, Inc., d.b.a. DBS Financial ("DBS"), and third-party defendant-appellant ABC Motor Credit ("ABC") (jointly, "Appellants")

appeal the judgment of the trial court denying Appellants' motion to stay pending arbitration. For the reasons that follow, we affirm.

## I. BACKGROUND

{¶ 2} ABC is a used car dealership that offers on-site financing through DBS. The companies are related and share a common owner, Mr. Sam Snellenberger.

{¶ 3} Appellee Duane Guy ("Guy") purchased a 2005 Kia Sedona from ABC in June 2016. ABC financed the purchase through DBS. ABC and Guy executed a Motor Vehicle Retail Installment Contract in connection with the vehicle sale. ABC assigned the contract to DBS. The contract includes an arbitration provision. On the same day, ABC and Guy also executed an Agreement to Arbitrate, which is incorporated by reference into the Motor Vehicle Retail Installment Contract.

### A. The Arbitration Agreement

{¶ 4} The arbitration provisions provide, in relevant part:

All disputes, claims, or controversies arising from or relating to this Contract or the relationships which result from this Contract, or the validity of this arbitration clause or the entire Contract, shall, at the election of either party, be resolved by binding arbitration * * *.

* * *

The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. * * * The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort, and property disputes, will be subject to binding arbitration in accordance with this Contract. Any claim or dispute is to be arbitrated on an individual basis, and not as a class action, and you expressly waive any right you may have to arbitrate a class action.

* * *

> The institution and maintenance of any action for judicial relief in a court to obtain a monetary judgment or to enforce this Contract shall not constitute a waiver of the right of any party to compel arbitration regarding any dispute or remedy subject to arbitration in this Contract.

{¶ 5} The agreement further provides that no party is "required to arbitrate any individual claim that is filed * * * until a Party entitled to do so requests arbitration" and that "no Party waives the right to request arbitration under this Agreement by exercising other rights and remedies or by initially agreeing to litigate a claim in court * * *."

## B. DBS Initiated Litigation Against Guy

{¶ 6} DBS filed a complaint against Guy to recover $6,869.60 in alleged unpaid payments on the car in October 2017, after repossessing Guy's vehicle and selling it at auction. DBS's complaint attached a copy of the contract, including both arbitration provisions, but did not mention or assert the right to arbitrate. After filing its complaint against Guy, DBS moved for default judgment. Like the complaint, DBS's motion for default judgment also did not mention or assert the right to arbitrate. The trial court set a hearing date for DBS's motion for default judgment, but Guy filed a responsive pleading in time to avoid default.

{¶ 7} Guy, pro se at the time, filed an answer and counterclaim against Appellants on December 18, 2017. After retaining counsel, he amended his initial pleading on January 3, 2018, to assert a counterclaim against DBS and a third-party complaint against ABC. Both the counterclaim and third-party complaint asserted

class action allegations.[1]   Guy's class action alleges that Appellants prey on consumers with poor credit through a price-gouging scheme that violates several laws, including Ohio's Consumer Sales Practices Act, Ohio's Retail Installment Sales Act, and the Truth in Lending Act.

{¶ 8}   More specifically, Guy claims that ABC marked up the price of his vehicle by 159%, resulting in a total profit of approximately 339%, and charged him a usurious interest rate.  (R. 8 at ¶ 22-23, 31.)  He further alleges that when the "overpriced Sedona ceased to work, he could not continue to pay the usurious rate imposed on him by ABC and DBS."  (*Id.* at ¶ 32.)  He also claims that the notices DBS sent regarding the auction sale failed to comport with legal standards and that DBS's demand of $6,869.60 fails to account for the amount DBS received from the auction sale of the car.

{¶ 9}   Guy filed his counterclaim on January 3, 2018.  The day after Guy filed his counterclaim, Appellants participated in a case management conference with Guy and the trial court.  The trial court set a briefing schedule related to class certification and set a pretrial for May 9, 2018.  Guy claims that Appellants did not mention arbitration during the conference.

{¶ 10} On January 31, 2018, Appellants jointly moved for an extension of time to respond to the counterclaim Guy filed against them.  The trial court granted the motion.  On February 26, 2018, Appellants further delayed any indication of a

---

[1] For ease of discussion, we will hereafter refer to Guy's counterclaim and third-party complaint as the "counterclaim."

desire to arbitrate and moved for a second extension of time to respond, which the trial court also granted. Appellants did not mention a desire to arbitrate in either motion.

{¶ 11} On March 12, 2018, Appellants' counsel informed Guy's counsel by letter that Appellants intended to pursue arbitration. Just over a week later, on March 20, 2018, Appellants filed an answer in which they asserted, for the first time, that Guy's counterclaim was barred by an arbitration agreement. They also filed a motion to stay pending arbitration that same day, over five months after initiating the litigation and just under three months after Guy filed his amended counterclaim.

{¶ 12} After finally moving to stay pending arbitration on March 20, 2018, Appellants nevertheless continued to participate in the litigation. On March 26, 2018, Appellants responded to Guy's requests for admission, although their responses were submitted subject to an objection on the grounds that they were seeking to enforce arbitration. [2] Before responding to Guy's discovery requests, Appellants sought an extension of time from the trial court. The court awarded Appellants more time, but the judgment entry came after Appellants' responses were due to Guy.

{¶ 13} On April 2, 2018, a week after responding to discovery and two weeks after moving to stay, Appellants filed a third-party complaint seeking

---

[2] Guy claims that on February 19, 2018, DBS responded to discovery requests Guy issued pro se. However, there is no direct evidence of this in the record.

indemnification and contribution from their former legal counsel for alleged negligence related to Appellants' transaction with Guy.

{¶ 14} Meanwhile, DBS's initial complaint against Guy was still pending until March 22, 2018, when DBS filed a notice of voluntary dismissal without prejudice. Appellants later voluntarily dismissed their third-party complaint, without prejudice, on June 5, 2018.

{¶ 15} The parties engaged in a period of limited discovery related to the arbitration issue and attended two more court conferences. Guy opposed Appellants' motion to stay on December 3, 2018. Appellants filed their final reply in support of their motion on December 28, 2018.

{¶ 16} On August 22, 2019, the trial court denied Appellants' motion to stay. In its judgment entry, the trial court considered Appellants' participation in the litigation and found that Appellants' actions were "inconsistent with the right to arbitrate and demonstrate a waiver of the right." (R. 50.) It further found that "DBS and ABC may not rely on the arbitration agreement to compel arbitration of this case" because the agreement "appears to exclude class actions from being arbitrated, or at best is ambiguous." (*Id.*)

{¶ 17} Appellants raise two assignments of error for our review:

<u>Assignment of Error No. 1</u>

The trial court committed reversible error in finding that DBS and ABC waived their right to arbitrate pursuant to the signed agreement with Duane Guy.

Assignment of Error No. 2

The trial court committed reversible error in finding that the agreement to arbitrate is unenforceable on the basis that it appears to exclude class actions from being arbitrated.

**{¶ 18}** We will address Appellants' two assignments of error in turn.

## II.   LAW AND ANALYSIS

### A. Assignment of Error No. 1

**{¶ 19}** Appellants state their first assignment of error as follows:

The trial court committed reversible error in finding that DBS and ABC waived their right to arbitrate pursuant to the signed agreement with Duane Guy.

**{¶ 20}** In their first assignment of error, Appellants argue that they did not waive their contractual right to arbitrate. Guy argues that Appellants did waive their right to arbitrate. The trial court reviewed Appellants' participation in the litigation and ruled that Appellants waived their right to arbitrate, finding that their participation in the litigation was inconsistent with the right to arbitrate.

### 1.  Waiver Standard of Review

**{¶ 21}** Whether a party has waived the right to arbitrate is subject to the abuse of discretion standard. *Gertson v. Parma VTA, L.L.C.*, 8th Dist. Cuyahoga No. 108823, 2020-Ohio-3455, ¶ 11. Thus, we will review Appellants' first assignment of error for abuse of discretion. Abuse of discretion implies that the trial court's ruling was "unreasonable, arbitrary, or unconscionable" and requires "more than an error of law or judgment" to merit reversal. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 22}** The trial court is in the best position to determine whether a party has waived its right to arbitrate. *Phillips v. Lee Homes*, 8th Dist. Cuyahoga No. 64353, 1994 Ohio App. LEXIS 596, 10-11 (Feb. 17, 1994). Accordingly, when applying the abuse of discretion standard, an appellate court may not substitute its own judgment for that of the trial court. *Black v. Hicks*, 8th Dist. Cuyahoga No. 108958, 2020-Ohio-3976, ¶ 96. "Thus, if the record demonstrates a reasonable basis for the trial court's decision, we must affirm." *MRK Technologies, Ltd. v. Accelerated Sys. Integration, Inc.*, 8th Dist. Cuyahoga No. 84747, 2005-Ohio-30, ¶ 11.

**{¶ 23}** Upon review, we affirm the trial court's decision. We find that the record demonstrates a reasonable basis for the trial court's decision and therefore cannot find that the trial court abused its discretion in finding that Appellants waived their right to arbitrate. Accordingly, we overrule Appellants' first assignment of error.

### 2. Appellants' Waiver of Right to Arbitrate by Inconsistent Acts

**{¶ 24}** R.C. 2711.02(B) permits a court to grant a stay pending arbitration if it finds that (1) "the issue involved in the action is referable to arbitration under an agreement in writing for arbitration" and (2) "the applicant for the stay is not in default in proceeding with arbitration." R.C. 2711.02(B). When determining waiver, the "essential question is whether, based on the totality of the circumstances, the party seeking arbitration has acted inconsistently with the right to arbitrate." *Phillips* at 8.

{¶ 25} The right to arbitrate is not without limits and can be waived. *Gertson* at ¶ 15, citing *Bass Energy, Inc. v. Highland Hts.*, 193 Ohio App.3d 725, 2010-Ohio-2102, 954 N.E.2d 130, ¶ 33 (8th Dist.); *Blue Technologies Smart Solutions, L.L.C. v. Ohio Collaborative Learning Solutions, Inc.*, 8th Dist. Cuyahoga No. 108535, 2020-Ohio-806, ¶ 13. Nevertheless, we are mindful that "there is a strong public policy that favors arbitration" and we therefore "do not lightly infer that a party who has initiated litigation on a matter has waived the right to arbitration." *Gertson v. Parma VTA, L.L.C.*, 8th Dist. Cuyahoga No. 108823, 2020-Ohio-3455, ¶ 16, citing *Harsco Corp. v. Crane Carrier Co.*, 122 Ohio App.3d 406, 414, 701 N.E.2d 1040 (3d Dist.1997).

{¶ 26} In light of the policy in favor of arbitration, the party arguing waiver bears a "heavy burden." *Gertson* at ¶ 16, citing *U.S. Bank v. Wilkens*, 8th Dist. Cuyahoga No. 93088, 2010-Ohio-262, ¶ 32. "To establish waiver, the party seeking waiver must demonstrate (1) that the party knew of its right to assert an argument or defense and (2) that the totality of the circumstances establish that the party acted inconsistently with that right." *Blue Technologies* at ¶ 13, quoting *Gembarski v. PartsSource, Inc.*, 157 Ohio St.3d 255, 2019-Ohio-3231, 134 N.E.3d 1175, ¶ 25, citing *Donnell v. Parkcliffe Alzheimer's Community*, 6th Dist. Wood No. WD-17-001, 2017-Ohio-7982, ¶ 21; and *Atkinson v. Dick Masheter Leasing II, Inc.*, 10th Dist. Franklin No. 01AP-1016, 2002-Ohio-4299, ¶ 20.

### a) Appellants knew about the arbitration agreement.

{¶ 27} Appellants do not argue that they were ignorant of the arbitration policy and there is no evidence that they did not know about the arbitration provisions before DBS invoked the court's jurisdiction and initiated litigation against Guy. ABC drafted the contract and assigned it to DBS, who then attached the arbitration provisions to its complaint. Thus, there is no basis to conclude that Appellants did not know about the arbitration agreement. *Blue Technologies Smart Sols, L.L.C. v. Ohio Collaborative Learning Solutions, Inc.*, 8th Dist. Cuyahoga No. 108535, 2020-Ohio-806, ¶ 16 ("'[A] contracting party is presumed to know the reasonable import of the contents of a signed agreement, including the existence and scope of an arbitration clause.'"), quoting *Garcia v. Wayne Homes*, 2d Dist. Clark No. 2001 CA 53, 2002-Ohio-1884, ¶ 64.

{¶ 28} Having established that Appellants knew about their arbitration rights, we next discuss whether the trial court abused its discretion in finding that Appellants acted inconsistently with their rights.

### b) Appellants acted inconsistently with the right to arbitrate.

{¶ 29} Because waiver calls for consideration of the totality of the circumstances, "[w]hether a party waived their right to arbitrate is dependent on the facts of that particular case." *Cantie v. Hillside Plaza*, 8th Dist. Cuyahoga No. 99850, 2014-Ohio-822, ¶ 17, citing *Phillips v. Lee Homes*, 8th Dist. Cuyahoga No.

64353, 1994 Ohio App. LEXIS 596 (Feb. 17, 1994). Factors that a trial court might

consider in evaluating the totality of circumstances include:

> "'(1) whether the party seeking arbitration invoked the jurisdiction of
> the trial court by filing a complaint, counterclaim, or third-party
> complaint without asking for a stay of proceedings; (2) the delay, if any,
> by the party seeking arbitration in requesting a stay of proceedings or
> an order compelling arbitration; (3) the extent to which the party
> seeking arbitration participated in the litigation, including the status of
> discovery, dispositive motions, and the trial date; and (4) any prejudice
> to the non-moving party due to the moving party's prior inconsistent
> actions.'"

*Blue Technologies* at ¶ 19, quoting *Am. Gen. Fin. v. Griffin*, 8th Dist. Cuyahoga No.

99088, 2013-Ohio-2909, ¶ 18, quoting *Ohio Bell Tel. Co. v. Cent. Transp., Inc.*, 8th

Dist. Cuyahoga No. 96472, 2011-Ohio-6161, ¶ 16.

{¶ 30} Appellants argue that they did not act inconsistently with the right to

arbitrate, but we cannot find that the trial court abused its discretion in finding that

Appellants waived the right to arbitrate. The trial court is in the best position to

assess the significance of Appellants' actions. *Phillips* at 10. Here, the trial court

considered the circumstances and did not act unreasonably, arbitrarily, or

unconscionably in determining that Appellants acted inconsistently with the right

to arbitrate.

### (1)     Appellants invoked the court's jurisdiction.

{¶ 31} The first factor to consider is "whether the party seeking arbitration

invoked the jurisdiction of the trial court by filing a complaint, counterclaim, or

third-party complaint without asking for a stay of proceedings." *Blue Technologies*

at ¶ 19. The trial court noted that DBS repeatedly invoked the court's jurisdiction by

initiating the lawsuit and seeking default judgment. Those acts support the trial court's finding of waiver. *See MRK Technologies, Ltd. v. Accelerated Sys. Integration, Inc.*, 8th Dist. Cuyahoga No. 84747, 2005-Ohio-30, ¶ 13 (finding waiver where party had "obvious knowledge of the arbitration provision" yet "initiated proceedings in the common pleas court"); *Phillips v. Lee Homes*, 8th Dist. Cuyahoga No. 64353, 1994 Ohio App. LEXIS 596, 15 (Feb. 17, 1994) (finding waiver where party initiated counterclaims and sought partial summary judgment because "[s]ubmitting a case to the trial court for decision is not consistent with a desire to arbitrate").

{¶ 32} The trial court also noted that Appellants again invoked the court's jurisdiction by filing a third-party complaint. Although Appellants eventually voluntarily dismissed their complaint and third-party complaint without prejudice, it was not an abuse of discretion for the trial court to consider the fact that they were filed in the first place. *See MRK Technologies, Ltd. v. Accelerated Sys. Integration, Inc.*, 8th Dist. Cuyahoga No. 84747, 2005-Ohio-30, ¶ 14 (voluntary dismissal of initial complaint was not a revocation of waiver where party seeking arbitration initiated the lawsuit and actively litigated the case before its dismissal). Appellants filed their third-party complaint after they sought a stay of the proceedings, but the timing of their filing does not make it consistent with seeking arbitration, especially since DBS initiated the litigation without seeking arbitration. We agree with the trial court that filing a third-party complaint after asserting the right to arbitrate was inconsistent with seeking the right to arbitrate and supports a finding of waiver.

### (2) Appellants delayed seeking arbitration.

{¶ 33} The second factor considers "the delay, if any, by the party seeking arbitration in requesting a stay of proceedings or an order compelling arbitration." *Blue Technologies* at ¶ 19. The trial court noted that Appellants did not move to stay pending arbitration until several months after DBS filed its complaint.[3]

{¶ 34} This court has previously observed that a delay of six months "has been deemed both sufficient to show waiver, and insufficient to show waiver, depending on the degree of participation in the litigation during this time period." *Vining v. Logan Clutch Corp.*, 8th Dist. Cuyahoga No. 108563, 2020-Ohio-675, ¶ 14 (collecting cases). Appellants did not move to stay until about five months after DBS filed its complaint against Guy. Before moving to stay, DBS initiated the litigation, sought default judgment, attended a court conference, and sought two extensions of time before officially asserting the right to arbitrate. Considering the circumstances of the delay, we cannot say the trial court abused its discretion in finding that Appellants' delay weighed in favor of finding waiver.

### (3) Appellants participated in the litigation.

{¶ 35} The third factor requires courts to examine "the extent to which the party seeking arbitration participated in the litigation, including the status of discovery, dispositive motions, and the trial date." *Blue Technologies* at ¶ 19. The

---

[3] The trial court stated that Appellants waited six months after initiating the litigation to assert the right to arbitrate. DBS filed its complaint initiating litigation against Guy on October 27, 2017. Appellants moved to stay pending arbitration on March 20, 2018. Thus, Appellants' delay in asserting the right to arbitrate was just under five months after initiating the lawsuit.

trial court noted that Appellants participated in some discovery, although Appellants objected to the discovery on the grounds that they had a right to arbitrate. Even though Appellants' participation in discovery was not extensive, we cannot say the trial court abused its discretion in finding waiver in light of Appellants' sum total participation in the litigation. Apart from the discovery responses, Appellants initiated the lawsuit, sought default judgment, attended a case management conference, and sought two extensions of time to respond to Guy's counterclaim without mentioning arbitration. Then, after moving to stay, Appellants answered discovery and filed a third-party complaint. Considered together, Appellants' acts are glaringly inconsistent with the desire to arbitrate.

### (4) Guy would be prejudiced by granting a stay.

{¶ 36} Finally, we consider any prejudice to Guy. The trial court did not expressly make a finding as to prejudice, but that alone does not constitute an abuse of discretion. The trial court was not required to find prejudice in order to find waiver. *Cantie v. Hillside Plaza*, 8th Dist. Cuyahoga No. 99850, 2014-Ohio-822, ¶ 16 ("Whether the nonmoving party was prejudiced is only a factor to be considered and not necessary for finding waiver occurred."); *Pinnell v. Cugini & Cappoccia Builders, Inc.*, 10th Dist. Franklin No. 13AP-579, 2014-Ohio-669, ¶ 20 ("[N]o one factor is controlling in a totality of the circumstances analysis.").

{¶ 37} Regardless, the record indicates that the trial court did consider prejudice. The trial court noted that "Guy seeks to engage in discovery to pursue his amended class action counterclaim" and that the "'Arbitration Agreement' appears

to exclude class actions from being arbitrated, or at best is ambiguous * * *." (R. 50.) Guy raised his class action counterclaim in response to DBS's lawsuit and promptly sought discovery from Appellants. It appears that the trial court considered that granting a stay for arbitration would mean that Guy could no longer pursue his class action counterclaim and could no longer benefit from the discovery he promptly sought from Appellants, which would undoubtedly be prejudicial to him.

{¶ 38} We agree that Guy would be prejudiced by granting a stay. Appellants invoked the court's jurisdiction when DBS filed its complaint and induced Guy to raise his class action counterclaim in court. Because DBS invoked the court's jurisdiction and then delayed nearly five months before seeking arbitration, Guy filed a pleading pro se, hired counsel, and asserted a class action against Appellants. He also served discovery on Appellants during their delay and received some responses, which might not be available to him in arbitration.

{¶ 39} Thus, Appellants' inconsistent actions support a finding of prejudice. *See Borror Property Mgt., LLC v. Oro Karric N., LLC*, S.D.Ohio No. 2:19-cv-04375, 2020 U.S. Dist. LEXIS 14597, 6 (Jan. 29, 2020) (finding waiver where party seeking to enforce arbitration of opponent's claims drafted a presuit letter threatening opponent with litigation in court); *84 Lumber Co. v. O.C.H. Constr., LLC*, 2015-Ohio-4149, 44 N.E.3d 961, ¶ 24 (7th Dist.) (finding that initiating litigation that requires your opponent to retain an attorney and file responsive pleadings constitutes prejudice), citing *Farrow Builders v. Slodov*, 11th Dist. Geauga No. 2000-G-2288, 2001 Ohio App. LEXIS 2952 (June 29, 2001); *Supervalu Holdings*

*v. Schear's Food Ctrs.*, 2d Dist. Montgomery No. 16881, 1998 Ohio App. LEXIS 3506, at *11 (June 26, 1998) ("Additionally, a party's failure to assert a prelitigation demand for arbitration may contribute to a finding of prejudice because the other party has no notice of intent to arbitrate.").

{¶ 40} In sum, the record supports the conclusion that Appellants took an active role in the litigation and acquiesced to proceeding in a judicial forum. We cannot say the trial court's decision was arbitrary, unreasonable, or unconscionable. Thus, the trial court did not abuse its discretion in finding waiver based on the totality of the circumstances.

### 3. Appellants Do Not Identify An Abuse Of Discretion

{¶ 41} Next, we will address Appellants' arguments, which largely ignore that "no one factor is controlling in a totality of the circumstances analysis." *Pinnell v. Cugini & Cappoccia Builders, Inc.*, 10th Dist. Franklin No. 13AP-579, 2014-Ohio-669, ¶ 20.

{¶ 42} They first argue that the trial court abused its discretion in denying its motion to stay because there is a general presumption in favor of arbitration. While we are mindful of that presumption, it is not enough to save Appellants from waiver. The concept of waiver is an exception to the general policy favoring arbitration. Chapter 2711 of the Revised Code codified Ohio's policy favoring arbitration. *Doe v. Contemporary Servs. Corp.*, 8th Dist. Cuyahoga No. 107229, 2019-Ohio-635, ¶ 17, citing *Kaminsky v. New Horizons Computer Learning Ctr. of Cleveland*, 2016-Ohio-1468, 62 N.E.3d 1054, ¶ 14-15 (8th Dist.). R.C. 2711.02(B)

permits a court to stay an action pending arbitration only if "the applicant for the stay is not in default in proceeding with arbitration." The trial court was not required to grant Appellants' motion based merely on the presumption in favor of arbitration where the totality of circumstances supported the trial court's finding of waiver, which we have found to be the case.

{¶ 43} Appellants also take issue with the sequence of events and believe they should be able to force arbitration of Guy's counterclaim even though they initiated the lawsuit with knowledge of the arbitration provisions. They argue that it "defies logic" to find waiver based on DBS's initial complaint and motion for default judgment where those pleadings were filed before Guy filed his class action. They similarly claim they could not have waived the right to arbitrate because they asserted the right to arbitrate in all of their post-counterclaim submissions. We disagree.

{¶ 44} That Guy filed a counterclaim does not excuse DBS's failure to immediately raise the right to arbitration when it initiated the litigation and sought default judgment with knowledge of the arbitration provision. This case is unique in that the party seeking arbitration initiated the litigation. In most cases, including *Phillips v. Lee Homes*, 8th Dist. Cuyahoga No. 64353, 1994 Ohio App. LEXIS 596, (Feb. 17, 1994), which sets forth the totality of the circumstances test for waiver, it is the defendant who is seeking to enforce arbitration. *See Med. Imaging Network, Inc. v. Med. Resources*, 7th Dist. Mahoning No. 04 MA 220, 2005-Ohio-2783, ¶ 29

("We note that this test presupposes that it is the defendant who has arguably waived arbitration since the plaintiff already waived arbitration by filing the suit.").

{¶ 45} Accordingly, courts agree that filing a lawsuit without mentioning a right to arbitration, as Appellants did, indicates an implicit waiver of a contractual right to arbitration, even if the right is eventually asserted after counterclaims are filed. *MRK Technologies, Ltd. v. Accelerated Sys. Integration, Inc.*, 8th Dist. Cuyahoga No. 84747, 2005-Ohio-30, ¶ 13, citing *Checksmart v. Morgan*, 8th Dist. Cuyahoga No. 80856, 2003-Ohio-163 (party waived its right to arbitrate counterclaims brought against it after initiating the lawsuit by filing a complaint); *Mills v. Jaguar-Cleveland Motors, Inc.*, 69 Ohio App.2d 111, 430 N.E.2d 965 (8th Dist.1980) ("[A] plaintiff's waiver may be effected by filing suit."), citing *Std. Roofing Co. v. John G. Johnson & Sons Constr. Co.*, 54 Ohio App.2d 153, 157, 376 N.E.2d 610 (8th Dist.1977) (plaintiff lessor waived his right to arbitration as long as the action was pending in court). *See also Chef Italiano v. Crucible Dev. Corp.*, 9th Dist. Summit No. 22415, 2005-Ohio-4254, ¶ 54 (holding that the initiation of a lawsuit raises the presumption that the plaintiff waived its right to arbitration); *Stow Masonry Const. v. Larry Evan Hausch Builders*, 9th Dist. Summit No. 15454, 1992 Ohio App. LEXIS 4384, at 13 (Aug. 26, 1992) ("When a party to a contract requiring arbitration either initiates a lawsuit, or as the responding party, files an answer without a demand for arbitration, that party has waived its right to arbitration under the contract."); *Jones v. Honchell*, 14 Ohio App.3d 120, 470 N.E.2d 219 (12th

Dist.1984), syllabus ("A party to a contract to arbitrate waives its right to arbitration when it files a lawsuit rather than requesting arbitration.").

{¶ 46} Finally, Appellants hang their hats on the existence of antiwaiver language within the arbitration provisions. They argue that they could not have waived the right to arbitrate by initiating litigation because the arbitration provisions contain an antiwaiver clause. Such a clause, however, is merely one factor a court may consider in evaluating waiver of the right to arbitrate and can be waived just like any other contractual provision. *Pinnell v. Cugini & Cappoccia Builders, Inc.*, 10th Dist. Franklin No. 13AP-579, 2014-Ohio-669, ¶ 19, citing *Snowville Subdivision Joint Venture Phase I v. Home S. & L. of Youngstown, Ohio*, 8th Dist. Cuyahoga No. 96675, 2012-Ohio-1342, ¶ 17, citing *Glenmoore Builders, Inc. v. Smith Family Trust*, 9th Dist. Summit No. 24299, 2009-Ohio- 3174, ¶ 41; *Dynamark Sec. Ctrs., Inc. v. Charles*, 9th Dist. Summit No. 21254, 2003-Ohio-2156, ¶ 18. *See also* 13 *Williston on Contracts* 39:36 (4th Ed.) ("The general view is that a party to a written contract can waive a provision of that contract by conduct despite the existence of a so-called antiwaiver or failure to enforce clause in the contract".).

{¶ 47} Relying on the antiwaiver clause to save them from the litigation they initiated, Appellants direct us to three cases: (1) *Credit Acceptance Corp. v. Davisson*, 644 F.Supp.2d 948 (N.D. Ohio 2009); (2) *Household Realty Corp. v. Rutherford*, 2d Dist. Montgomery No. 20183, 2004-Ohio-2422; and (3) *U.S. Bank v. Wilkens*, 8th Dist. Cuyahoga No. 93088, 2010-Ohio-262. Appellants read these cases too broadly.

**{¶ 48}** *Credit Acceptance Corp.*, applying federal law, held that the plaintiff did not waive its right to arbitrate where the parties' arbitration agreement included an antiwaiver provision and there were no "factual circumstances where the plaintiff requested arbitration after attempting to litigate the defendant's counterclaims." *Id.* at 957. Here, however, Appellants attended a court conference after Guy filed his counterclaim and sought two extensions of time to respond before officially asserting their right to arbitrate by moving to stay. In addition, after moving to stay pending arbitration, Appellants filed a third-party complaint and responded to limited discovery. Thus, *Credit Acceptance Corp.* is distinguishable.

**{¶ 49}** As for the Ohio state cases, *Household Realty Corp. v. Rutherford* and *U.S. Bank v. Wilkens*, both dealt with antiwaiver clauses within arbitration agreements, but neither held that such clauses universally or automatically preclude a finding of waiver. Rather, each court, under the circumstances before it, determined that the right to arbitrate had not been waived. The Twelfth District has similarly recognized this point of distinction in its review of *Household Realty Corp. v. Rutherford* and *U.S. Bank v. Wilkens*:

> While both of those cases dealt with a substantially similar waiver provision contained within an arbitration agreement, the issue before those courts was not whether that clause precludes a court from ever finding waiver occurred, but instead, whether the act of filing a lawsuit waived that party's right to later compel arbitration. *See Household Realty* at ¶ 20; *U.S. Bank* at ¶ 10. In fact, even after finding the waiver provision 'explicitly provided the filing of a foreclosure action did not amount to a waiver of arbitrable claims,' the Eighth District Court of Appeals in U.S. Bank went on to analyze whether the bank waived its right to arbitrate by engaging in inconsistent acts. *See Id.* at ¶ 10-45.

*Dixon v. Residential Fin. Corp.*, 12th Dist. Madison No. CA2009-11-024, 2010-Ohio-4409, ¶ 15, fn. 4.

{¶ 50} Both cases are also distinguishable from the instant case in other ways. In *Household Realty Corp. v. Rutherford*, the plaintiff seeking to arbitrate took no other action after initiating the litigation and moved the court to stay litigation pending arbitration of the counterclaims immediately after the counterclaim was filed. Appellants, however, attended a court conference and sought two extensions of time before formally moving to stay pending arbitration, then answered discovery and filed a third-party claim after moving to stay. Second, the court required a showing of prejudice, even though prejudice is merely one factor to consider among the totality of the circumstances. The court held: "Because the Rutherfords failed to establish that HRC's allegedly inconsistent act of filing this lawsuit prejudiced them, they have not met their burden of proof to show that HRC waived its right to arbitrate." *Id.* at ¶ 1. Prejudice, however, is merely one factor and a trial court need not find prejudice in order to find waiver. *Phillips* at 17. Moreover, although the trial court here did not expressly find prejudice, the record supports a finding of prejudice, unlike in *Household Realty Corp. v. Rutherford.*

{¶ 51} Finally, in *U.S. Bank v. Wilkens*, this court did not find a waiver of arbitration even though the bank seeking to arbitrate counterclaims had initiated the lawsuit in court. In part, the court found that the bank's delayed request for arbitration did not waive its right to arbitrate because the bank did not know about the arbitration provision until after participating in the discovery process. Upon

discovering the arbitration provision, the bank apparently moved for arbitration shortly thereafter. *Wilkens* at ¶ 34. Here, as already discussed, Appellants knew about the arbitration provision before filing suit. Thus, neither the antiwaiver clause nor the cases Appellants rely on renders the trial court's decision unreasonable, arbitrary, or unconscionable. *See Cantie v. Hillside Plaza*, 8th Dist. Cuyahoga No. 99850, 2014-Ohio-822, ¶ 18-19 (distinguishing *Wilkens* on similar grounds).

{¶ 52} Having come to the reasonable conclusion that Appellants waived the right to arbitrate, therefore putting them "in default in proceeding with arbitration" pursuant to R.C. 2711.02(B), the trial court did not abuse its discretion in denying Appellants' motion to stay.

{¶ 53} Appellants' first assignment of error is overruled.

**B.    Assignment of Error No. 2**

{¶ 54} Appellants state their second assignment of error as follows:

> The trial court committed reversible error in finding that the agreement to arbitrate is unenforceable on the basis that it appears to exclude class actions from being arbitrated.

{¶ 55} In their second assignment of error, Appellants argue that the trial court erred in finding the arbitration agreement unenforceable because it precludes class actions. Guy responds that the argument mischaracterizes or misunderstands the trial court's ruling. We agree with Guy.

**1.  Standard Of Review**

{¶ 56} "[W]hether a party has agreed to submit an issue to arbitration or questions of unconscionability are reviewed under a de novo standard of review."

*Gertson v. Parma VTA, L.L.C.*, 8th Dist. Cuyahoga No. 108823, 2020-Ohio-3455, ¶ 11. Thus, we will review Appellants' second assignment of error de novo. "Under a de novo standard of review, we give no deference to a trial court's decision." *Reznik v. OH Canon Constr., L.L.C.*, 8th Dist. Cuyahoga No. 107339, 2019-Ohio-1350, ¶ 10.

### 2. The Trial Court Did Not Rule On The Enforceability Of The Arbitration Agreement

{¶ 57} A trial court may only grant a stay pending arbitration upon finding that (1) "the issue involved in the action is referable to arbitration under an agreement in writing for arbitration" and (2) "the applicant for the stay is not in default in proceeding with arbitration." R.C. 2711.02(B). Here, the trial court considered Appellants' actions in the underlying litigation and determined that they waived any right to arbitrate. It further noted that the "'Arbitration Agreement' appears to exclude actions from being arbitrated, or at best is ambiguous. Therefore, DBS and ABC may not rely on the Arbitration Agreement to compel arbitration of this case." (R. 50.)

{¶ 58} Appellants argue that based on this court's decision in *Wallace v. Ganley Auto Group*, 8th Dist. Cuyahoga No. 95081, 2011-Ohio-2909, the trial court erred in finding the arbitration agreement unenforceable because it precludes class claims. In *Wallace*, the arbitration provision provided that "[c]lass action claims * * * are and shall be prohibited in any arbitration proceeding." *Wallace* at ¶ 8. We held that "enforcement of arbitration clauses cannot be conditioned upon the availability of classwide arbitration." *Id.* at ¶ 19.

**{¶ 59}** *Wallace* does not govern Appellants' second assignment of error because we find that trial court did not rule on the enforceability of the arbitration provisions or comment on the policy of the arbitration provisions at issue. Rather, the trial court questioned whether Appellee's class claims are "referable to arbitration" under the contract, as R.C. 2711.02(B) requires. Since the trial court did not rule on the arbitration agreement's enforceability, we find Appellants' second assignment of error presents issues not properly before this court and we decline to review it. *Wilkens*, 2010-Ohio-262, ¶ 45.

**{¶ 60}** Appellants' second assignment of error is overruled.

**{¶ 61}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

ANITA LASTER MAYS, J., CONCURS;
SEAN C. GALLAGHER, P.J., CONCURS IN JUDGMENT ONLY