[Cite as *Ardery v. Hyundai of Bedford*, 2025-Ohio-278.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

CHARLES ARDERY,

      Plaintiff-Appellant,     :

                               No.  114119

                        :

      v.

                        :

HYUNDAI OF BEDFORD, ET AL.

                        :

      Defendants-Appellees.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:**  January 30, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No.  CV-23-989268

---

*Appearances:*

Caryn Groedel & Associates Co., LPA, and Caryn M. Groedel, *for appellant.*

Zashin & Rich Co., L.P.A., and David P. Frantz, *for appellees.*

EMANUELLA D. GROVES, P.J.:

{¶ 1} Plaintiff-appellant Charles Ardery ("Ardery") appeals the trial court's decision to grant defendants-appellees' Hyundai of Bedford, Migdal 1 LLC ("Migdal"), William Schwark, and Kyle Pisani's (collectively, "HOB") motion to stay

pending submission of its claims to arbitration. For the reasons set forth below, we affirm the trial court's decision and remand for further proceedings.

**Procedural History and Facts**

{¶ 2} On November 29, 2023, Ardery filed an eight-count complaint against HOB alleging age discrimination, breach of contract, defamation, and other claims. The complaint included the following relevant allegations: Ardery was an employee of HOB from May 23, 1999 until June 17, 2022. In May 2022, Ardery noticed he had not received his Retail Delivery Report ("RDR") money for two weeks. Upon inquiry, Ardery was advised his RDR money was being diverted to another employee. This would result in a transfer from Ardery's income of $30,000 to $40,000 to the other employee. As a result of the inquiry, a confrontation occurred between Ardery and management staff. Ardery was suspended pending an internal investigation and was accused of making threats. The threat accusations were conveyed to another dealership, which declined to hire Ardery. Ardery's customers were transitioned to another employee 20 plus years his junior; Ardery was terminated on June 17, 2022. Ardery, due to his age, is in a protected class under R.C. Ch. 4112. Ardery filed a charge of age discrimination with the Ohio Civil Rights Commission ("OCRC") and received a notice of right to sue. Ardery subsequently filed suit in the court of common pleas.

{¶ 3} HOB answered the complaint and denied the factual allegations and all eight counts. HOB asserted twelve affirmative defenses including one that Ardery's

claims are subject to an enforceable arbitration agreement. Subsequently, HOB filed a motion to stay pending submission of plaintiff's claims to arbitration.

{¶ 4} Ardery opposed the motion and challenged the existence of an arbitration agreement. Ardery presented an affidavit swearing he did not sign the agreement. (Ardery's Opposition brief, Ex. 6). Ardery also asserted HOB waived the right to seek arbitration and the agreement is unconscionable.

{¶ 5} HOB filed a brief in response and included two affidavits. One affidavit was from Stephen Shane, Chief Operating Officer of Migdal, who swore Ardery signed the agreement. The other was from Erich J. Speckin, forensic chemist and handwriting analysist, who swore to his opinion that the signature on the arbitration agreement was Ardery's. Speckin's report accompanied the affidavit.

{¶ 6} The trial court granted HOB's motion to stay pending submission of plaintiff's claims to arbitration and included an eight-page memorandum of opinion detailing the reasons for its order. Ardery filed a Civ.R. 60(B) motion to set aside the judgment and request for jury trial. The trial court held the motion in abeyance.

{¶ 7} Subsequently, Ardery filed this appeal and raises the following assignment of error.

## Assignment of Error

The trial court erred in granting defendants-appellees' Motion to Stay Pending Submission of Plaintiff's Claims to Arbitration.

## Law and Analysis

{¶ 8} Ardery challenges the stay arguing (1) he is not a party to the arbitration agreement with HOB and (2) alternatively, HOB waived its right to arbitration. We find Ardery's challenges lack merit.

{¶ 9} As a preliminary matter, a trial court's decision to grant or deny a stay of trial pending arbitration pursuant to R.C. 2711.02(B) is a final appealable order. R.C. 2711.02(C). Ohio has a strong public policy in favor of arbitration. *Hayes v. Oakridge Home*, 2009-Ohio-2054, ¶ 15. "'Arbitration is favored because it provides the parties . . . with a relatively expeditious and economical means of resolving a dispute.'" *Id.*, quoting *Schaefer v. Allstate Ins. Co.*, 63 Ohio St.3d 708, 712 (1992); *DeVito v. Autos Direct Online, Inc.*, 2015-Ohio-3336, ¶ 12 (8th Dist.).

{¶ 10} The Ohio Arbitration Act, R.C. Ch. 2711 identifies the trial court's role in construing and enforcing arbitration agreements. *Goodwin v. Ganley, Inc.*, 2007-Ohio-6327, ¶ 8 (8th Dist.). Generally, an arbitration clause in a contract is considered as the parties' expression that they agree to arbitrate disputes within the scope of the arbitration clause, and with few exceptions an arbitration clause is to be respected like any other term in a contract. *Dunn v. L & M Bldg.*, 2000 Ohio App. LEXIS 4954, ¶ 6 (8th Dist.), citing *Council of Smaller Enterprises v. Gates, McDonald & Co.*, 80 Ohio St. 3d 661, 668 (1998).

{¶ 11} An arbitration agreement in a written contract "shall be valid, irrevocable, and enforceable, except upon grounds that exist in law or equity for the revocation of any contract." R.C. 2711.01(A). A party seeking to enforce an

arbitration provision may do so by either requesting a stay of the proceedings pending arbitration under R.C. 2711.02 or petitioning the court to order arbitration under R.C. 2711.03, or both. *Maestle v. Best Buy Co.*, 2003-Ohio-6465, ¶ 18. Notably, a R.C. 2711.02 motion to stay proceedings does not require the trial court to hold a hearing. *Brownlee v. Cleveland Clinic Found.*, 2012-Ohio-2212, ¶ 14 (8th Dist.).

{¶ 12} Here, HOB requested a stay of the proceedings pending arbitration under R.C. 2711.02(B). The trial court is required to order a stay of proceedings, "where it is (1) 'satisfied' that there is a written arbitration agreement, and (2) where an issue upon which the suit is brought is subject to that arbitration agreement." *Epps v. State Farm Auto. Ins.*, 2022-Ohio-4084, ¶ 16 (8th Dist.).

{¶ 13} We will first review Ardery's claim that he did not execute an arbitration agreement. Although arbitration is favored, a party cannot be compelled to arbitrate a disagreement the party did not agree to submit to arbitration. *Estate of Mary Battle-King v. Heartland of Twinsburg*, 2021-Ohio-2267, ¶ 10 (8th Dist.), citing *Council of Smaller Ents. v. McDonald & Co.*, 80 Ohio St.3d 661, 665 (1997). In an arbitration dispute, the appropriate standard of review is determined by the type of issues presented challenging the applicability of the arbitration provision. *Brownlee* at ¶ 8, citing *McCaskey v. Sanford-Brown College*, 2012-Ohio-1543, ¶ 7 (8th Dist.).

{¶ 14} Here, a de novo standard of review is exercised in determining whether a party has agreed to submit an issue to arbitration or when there are

questions of unconscionability. *Id.*, citing *McCaskey* at *id.* Under this review, the trial court's decision is given no deference. *Brownlee v. Cleveland Clinic* at ¶ 9, citing *Akron v. Frazier*, 142 Ohio App.3d 718, 721 (9th Dist.2001).

{¶ 15} In deciding if a party has agreed to arbitrate, the ordinary principles of contract formation apply, *Avery v. Acad. Invs., LLC*, 2019-Ohio-3509, ¶ 9 (8th Dist.), citing *Seyfried v. O'Brien*, 2017-Ohio-286, ¶ 18 (8th Dist.). No contract is formed without the parties having a meeting of the minds. *Hardwick v. Sherwin-Williams Co.*, 2003-Ohio-657, ¶ 12 (8th Dist.).

{¶ 16} Ardery argues the signature on the arbitration agreement is not his. He submitted an affidavit to attest to the denial of his signature on the arbitration agreement. In response, HOB submitted an affidavit from the office manager attesting he witnessed Ardery sign the agreement. Additionally, HOB had a handwriting expert analyze the contract signature. The analysis included a review of numerous documents signed by Ardery. Upon review of the briefs and evidence submitted by the parties, we find that an arbitration agreement did exist between Ardery and HOB.[1] Therefore, the trial court did not err when it found it was satisfied that there was an arbitration agreement between Ardery and HOB.

---

[1] Ardery argues that this court utilizes a "summary judgment-like" standard to determine whether the parties entered into an arbitration agreement, citing *Arnold v. Burker King*, 2012-Ohio-2354 (8th Dist.). This case does not exist, 2012-Ohio-2354 refers to a criminal case. Additionally, Ardery cites to *Arnold v. Burger King*, 2015-Ohio-4485 (8th Dist.), earlier in his brief which holds that our standard of review is de novo. *Id.* at ¶ 11.

**{¶ 17}** Next, we will determine whether HOB waived its right to arbitration. The determination of whether a party has waived the right to arbitration is within the sound discretion of the trial court. *Cantie v. Hillside Plaza*, 2014-Ohio-822, ¶ 1 (8th Dist.). We will affirm the decision "absent a finding that the trial court's decision is unreasonable, arbitrary, or unconscionable" i.e., an abuse of discretion. *Id.* In order to prevail on an argument that a party has waived their right to arbitrate, Ardery must show "'(1) that the party knew of its right to assert an argument or defense and (2) that the totality of the circumstances establish that the party acted inconsistently with that right.'" *Blue Technologies Smart Sols., L.L.C. v. Ohio Collaborative Learning Solutions, Inc.,* 2020-Ohio-806, ¶ 13 (8th Dist.), quoting *Gembarski v. PartsSource, Inc.*, 2019-Ohio-3231, ¶ 25.

**{¶ 18}** The following factors may be considered in determining whether the totality of the circumstances supports a finding of waiver:

(1) Whether the party seeking arbitration invoked the jurisdiction of the trial court by filing a complaint, counterclaim, or third-party complaint without asking for a stay of proceedings;

(2) The delay, if any, by the party seeking arbitration in requesting a stay of proceedings or an order compelling arbitration;

(3) The extent to which the party seeking arbitration participated in the litigation, including the status of discovery, dispositive motions, and the trial date; and

(4) Any prejudice to the non-moving party due to the moving party's prior inconsistent actions.

*Am. Gen. Fin v. Griffin*, 2013-Ohio-2909, ¶ 18 (8th Dist.), quoting *Ohio Bell Tel. Co.,* 2011-Ohio-6161, ¶ 16 (8th Dist.).

{¶ 19} Given the factors to consider, "the trial court is in the best position to determine whether a party has waived its right to arbitrate." *Debois, Inc. v. Guy,* 2020-Ohio-4989, ¶ 22 (8th Dist.), citing *Phillips v. Lee Homes*, 1994 Ohio App. LEXIS 596, ¶ 10-11 (8th Dist. 1994). Here, the trial court identified the actions Ardery alleged supported his waiver claim and then the trial court stated its reason for rejecting those claims. The trial court found that many of the claims were not supported by the evidence submitted, including claims that HOB had not raised the arbitration agreement earlier in the litigation. (June journal entry p. 3). The trial court rejected the claim that HOB's participation in Ardery's OCRC action supported a waiver to arbitration because the arbitration agreement did not restrict HOB's participation in such matters. *Id.* Finally, the trial court recognized HOB's responsiveness to the trial court's case-management orders as counsel exercising its responsibility as trial counsel. *Id.* at ¶ 4.

{¶ 20} The trial court then identified those acts that demonstrated HOB's intention to pursue arbitration, e.g., asserting arbitration as an affirmative defense and filing its motion to stay proceedings prior to the initial case-management conference. Both the record and the trial court's findings support the decision that HOB did not waive its right to arbitration. Clearly, the totality of the circumstances do not establish that HOB acted inconsistently with its right to arbitration. The trial court did not abuse its discretion in rejecting Ardery's claim that HOB waived its right to submit this dispute to arbitration.

{¶ 21} Accordingly, Ardery's assignment of error is overruled.

**{¶ 22}** Judgment affirmed, and case remanded for further proceedings.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry out this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court of Appeals.)